## Herbert C. Heller & Company, et al. v. Hunt Forbes Construction Company.

(Decided February 17, 1928.)

### Appeal from Boyd Circuit Court.

1. Parties.—Under Civil Code of Practice, section 25, court properly permitted property owners contesting validity of street paving assessment to sue both for themselves and other property owners similarly situated.

2. Municipal Corporations.—Where property owner signs waiver of objections to illegality or irregularity with regard to taxes against property for street paving which are lien upon property assessed under Ky. Stats., section 3100, in consideration for privilege of paving assessment in ten equal annual installments in manner provided by sections 3101 and 3102, he cannot thereafter be heard to say that assessment made against his property exceeds one-half of its value.

JOHN P. BRADY and CELLA J. McCLELLAND for appellants.

JOHN T. DIEDERICH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

This is the second appeal of this case. See 1 S. W. (2d) 970, 222 Ky. 564. On the first appeal, the judgment was reversed, because certain property owners had not been made parties to the action. Upon the return of the case, the Hunt Forbes Construction Company amended its petition, and made the following parties defendants: Hays Nelson, Frank Ross, P. H. Williams, and P. H. Williams, as guardian of P. H. Williams, Jr.—to whom

we shall refer as the property owners. In their amended petition, the plaintiffs made the further allegation regarding each and every lot and parcel of ground for which waivers had been signed under all the contracts for which the bonds in question were issued, that the property in each instance was worth at the time of the assessment more than twice the amount levied against it, and was worth that at the present time, but they further alleged, as to the lots belonging to the property owners above named, that they believed those lots were not worth twice the value of the assessment against them, or, in other words, that the assessment is in excess of 50 per cent. of the value of each of said lots at the time it was made, and is so now. They further alleged that these property owners had signed waivers. On February 6, 1928, these property owners filed separate answers and cross-petitions, in which they admitted the execution of these waivers, but took the position that by the execution of them they had not waived their right to contest the validity of the assessments made against their property in excess of 50 per cent. of the value of the property, and they ask that the court determine the amount of assessment to be made against each of their lots and that under section 3096, Kentucky Statutes, the court should fix same at not more than 50 per cent. of the value of said lots after the improvements were made, that the city of Ashland be made a party defendant, and that it be required to correct its assessment rolls in conformity to the judgment of this court as to the amount to be charged against each of said lots, and that the bonds issued be canceled to the extent that they exceed one-half the value of each of said lots. Each of these property owners with his answer filed a copy of the waiver he had signed. These waivers are practically identical, so that a copy of one of them is all that is necessary, and that copy is:

"Street Paving Agreement.

"In consideration of the privilege of paying the assessment levied against my property for street improvement under contract 93, amounting to $640.44 in ten (10) equal annual installments, in the manner provided by section 3101 and 3102 of the Kentucky Statutes, with interest on all unpaid portions at the rate of six per cent. per annum from the 10th day of December, 1927, payable semiannually, I hereby agree to make no objection to any illegality

or irregularity with regard to the taxes against my property, levied under contract 93, and to strictly abide by section 3101 and 3102 of the Kentucky Statutes in regard to the payment of said installments and the interest due or to become due thereon, and I will pay the same in the manner so provided.

"Given under my hand this 9th day of January, 1928.

"HAYS NELSON, Property Owner."

Subsequently, and as an amendment to their separate answers, they filed a joint amended answer and cross-petition, reiterating the statements of their separate answers and cross-petitions, and further alleging that the questions and rights presented by them and which they seek to have decided involve a general or common interest of at least 100 persons and their property, and that it is impracticable to bring them all before the court within a reasonable time, and they asked leave of the court to sue for the benefit of all parties similarly situated, and that the settlement of the questions involved inure to the benefit of all of them.

The city of Ashland filed a general demurrer to both the separate and joint answers and cross-petitions, of these defendants, and the Hunt Forbes Construction Company did the same.

The court permitted these property owners to sue both for themselves and other property owners similarly situated. This was proper and permissible under section 25 of the Civil Code of Practice. Thereupon the action was submitted upon these demurrers, and the demurrers were sustained. The court ordered and adjudged that a property owner signing a waiver of defenses, under section 3101 of our Statutes, binds and pledges all of his property against which the assessment is made, in lien, and that such property owner, signing such waiver and any subsequent owner of such property were estopped, precluded, and prevented from making any defenses; that said assessment is void to the extent that it exceeds one-half of the value of the property. By section 3100, Kentucky Statutes, these assessments made after the work is completed and to pay for the work are made liens upon the property assessed, and provision is made for the collection of the assessment by the enforcement of this lien. By section 3101, a plan is provided by which the city may permit these improvements to be paid for

upon the 10-year payment plan, and in that section there is this provision:

"Any person who desires to exercise such privilege of payment by installment shall, before the expiration of the said thirty days, enter into an agreement in writing with the city that in consideration of such privilege, he will make no objection to any illegality or irregularity with regard to the taxes against his property, and that he will pay the same in the manner herein provided with specified interest."

The property owner had the right to exercise his option either to pay in cash within 30 days, or to pay in 10 annual installments. If he did not elect to pay in installments, of course, he could raise any question possible about the irregularity of these assessments or he could question their legality because they represented more than 50 per cent. of the value of his property; but, when he elects to pay in 10 annual installments, he waives both the illegality of the assessment and the irregularity of it, if any, and hence, when he signs this waiver, he cannot thereafter be heard to say that the assessment made against his property exceeds 50 per cent. of its value. If such a state of affairs did exist, then, of course, the assessment was void as to the excess, but, when the property owner elects to pay in 10 annual installments he cannot thereafter be heard to say the assessment exceeded 50 per cent. of the value of the property, for after he signs this waiver, that and all other defenses are gone from him and his heirs and assigns forever.

Therefore the trial court did not err in sustaining these demurrers, and its judgment is affirmed.