# E. J. Knepfle Sons v. City of Clifton et al.

(Decided May 28, 1929.)

C. T. BAKER for appellants.

LOUIS E. ARNOLD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

By appropriate proceedings, the board of council of Clifton, a city of the fourth class, ordered the improvement of a portion of Clifton avenue at the expense of the abutting property owners. After due advertisement for bids, the contract was awarded to E. J. Knepfle Sons, a partnership composed of Elmer A. Knepfle and Louis G. Knepfle. The work was completed according to contract and accepted by the city. The cost of the improvement was then assessed against the abutting property. Thereafter the contractors brought this suit against several of the property owners to enforce their lien, and against the city to recover whatever amount they could not recover from the sale of the property. By way of defense, a few of the property owners pleaded in their answers that the assessment on certain lots exceeded one-half the

value thereof after taking the improvement into consideration. On this question issue was joined not only by the contractors but by the city. After hearing proof on the question, the court fixed the value of the lots inclusive of the improvement and awarded the contractors a lien thereon to the extent of one-half the value so fixed, and directed a sale of the property. At the sale several of the lots brought less than the value fixed by the court. Later on the court rendered judgment against the city for the difference between one-half the value of the lots as fixed by the court and the amount of the assessments, together with penalties and interest. From that judgment the contractors appeal.

Appellants take the position that the court should have awarded them a judgment against the city for the difference between the assessments and the sale prices of the lots, and not merely for the difference between the assessments and the values fixed by the court. The argument is that the only purpose in fixing the values in advance is to enable the owner to pay if he so desires; that the laborer is worthy of his hire; that through lack of power on the part of the city they cannot recover the full amount of the assessments; that it is the duty of the city to pay them whatever loss they actually sustained; and that this loss is the difference between the assessments and the amount which they will receive from the sale of the lots.

In the recent case of Thompson et al. v. City of Williamsburg et al. (Ky.) 16 S. W. (2d) 772, a similar contention was made by the city. In disposing of the question the court said: "It is suggested by appellees that this proceeding to value the lot in advance of a sale is not proper. It is essential that the amount of the assessment be ascertained in order that the property owner may pay it, and the city is not entitled to the test of a sale for a determination of the value of property in cases of this character. The court must value the property and ascertain the correct amount of the assessment in advance of any sale. City of Paducah v. Yancey, 205 Ky. 676, 266 S. W. 346; City of Covington v. Schlosser, 141 Ky. 838, 133 S. W. 987. Cf. Ithaca Trust Co. v. United States, 49 S. Ct. 291, 73 L. Ed. —, decided April 8, 1929. Indeed, a sale is permitted only in the event the landowner fails to pay the assessment finally ascertained to be due."

A reconsideration of the question convinces us of the soundness of the above conclusion. The controlling statute is section 3563, Kentucky Statutes, which provides in part as follows: "Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lots or parcels of real estate upon which the assessment is made shall be void as to such excess, but the improvement shall be taken into consideration in fixing the value of such real estate and the board of council shall provide for the payment of any such excess out of the general fund."

This statute plainly provides for fixing the value and, where there is a pending action for the enforcement of the lien and the question as to whether the assessment exceeds one-half the value of the lots, including the improvement, is properly raised, the only tribunal authorized to fix the value is the court itself. The purpose of fixing the values in advance is not merely to enable the owner to pay, but to define the extent of the contractor's lien so that either the contractor or the owner can know how much to bid on the property in order to protect his rights. It being proper where the question is raised to fix the value in advance, the court must determine the question from the evidence heard. Here the question was raised by the abutting property owners, and issue thereon was joined both by the contractors and the city. On this issue a great deal of evidence was heard. The values were then fixed by the court. The contractors did not except to the judgment. They do not now contend that the judgment was not justified by the evidence then heard. Their only insistence is that the court should have ignored the judgment fixing the values, and have based their recovery on the sale prices of the lots. In the circumstances the judgment fixing the values is conclusive, and the court did not err in refusing to adopt the theory for which the contractors contend. Even should we treat the appeal from the final judgment against the city as sufficient to call in question the prior order fixing the values, it cannot be said that the subsequent sale prices were of such controlling effect as to show that the court erred in fixing the values. The sales were coercive and not voluntary. Only a few persons are in the habit of bidding at sales for the enforcement of street assessments, and the low prices may have been due to a lack of competition.

Judgment affirmed.