## Lilly v. City of Irvine.

### Same v. Same.

(Decided February 11, 1930.)

GRANT E. LILLY in pro. per.

RIDDALL & SHUMATE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Irvine is a city of the fourth class. It brought this suit September 4 1926, against Grant E. Lilly, alleging

in the petition, in substance, these facts: By resolutions, ordinances, and proceedings, duly passed by the city council, it caused Broadway street to be constructed with a concrete base and top of Kentucky rock asphalt at the exclusive cost of the real estate abutting on the property, according to the number of feet abutting thereon, except the street intersections which were paid for by the city, and in October, 1924, apportioned the cost of the improvement by ordinance, duly enacted, to the abutting property; the owners of abutting property had the right to pay the assessments at any time within 30 days without interest or pay same in 10 equal installments in 10 years with 6 per cent. interest. Grant E. Lilly did, within the time, elect to pay the assessment on the 10-year plan and executed in writing a contract with the city that in consideration of such privilege no objection would be made to any illegality or irregularity in the proceedings of the council; the assessment against Lilly's property amounted to $902.22, also $187.20. It was alleged that he had not paid the assessment and judgment was prayed therefor. In his answer to so much of the petition as set up his acceptance of the ten-year plan, the defendant pleaded as follows: ''The defendant admits the signing of the paper called 'the acceptance,' and marked Exhibit A and filed with the petition. He says that there was no consideration of said acceptance and same is void.''

The court sustained a general demurrer to this paragraph of the answer. He then filed an amended answer in these words:

"For amendment to Paragraph No. 2, the defendant says that the paper called the 'Acceptance' was signed in blank, accompanied by a proposition of this defendant to the plaintiff for a reduction of one-third of the estimated costs of said assessment by said city. Said proposition was not accepted by plaintiff, neither were they authorized to accept said paper because it was signed and submitted to the plaintiff conditionally—said paper is null and void.

"Furthermore this paper was signed but not delivered except conditionally and this occurred on November 1, 1924, and prior to the discovery by this defendant of the defective character of the work as set out in Paragraph No. 4 herein.''

The court sustained the demurrer to the amended answer and gave judgment in behalf of the city. He appeals.

Section 3575, Kentucky Statutes, provides:

"Any property owner who desires to exercise such, privilege of payment by installment shall before the expiration of the said thirty days, enter into an agreement in writing with the city that in consideration of such privilege he will make no objection to any illegality or irregularity with regard to the taxes against his property, and that he will pay the same in the manner herein provided, with specified interest. Any property owner entering into such an agreement or who exercises the option to pay in installments, shall be concluded thereby, and shall not be permitted to set up any defense whatever against the payment of such taxes. Such agreement shall be filed in the office of the city treasurer, who shall file, retain and record the same as a record of his office. In all cases where such agreements have not been filed within the time limited the entire tax shall be payable in cash without interest before the expiration of said thirty days."

The demurrer to the original answer was properly sustained, for clearly the agreement was not without consideration. By accepting the 10-year plan the defendant avoided the penalty for not paying promptly and he obtained 10 years to make the payments.

The demurrer to the amended answer was also properly sustained, because it does not allege that the proposition of the defendant to the city, for a reduction of one-third of the estimated cost of the assessment, was set out in the writing or omitted from it by fraud or mistake. The writing was submitted to the city and it acted on the writing. The 10-year plan under the statute is only available to those who agree to make no objection to the assessment and to pay it with interest in 10 years. The city was without authority to give appellant 10 years' time if he would pay two-thirds of the assessment. The statute does not provide for any conditional acceptance by the property owner or the granting of any conditions by the city. The alleged condition is in the teeth

of the statute, and all parties were bound to take notice of its provisions. The city issued the bonds upon written acceptance signed by appellant, and it is too late for him now to set up this condition not warranted by the statute or so far as appears made known to the city when it acted, for it is not alleged to whom appellant delivered the paper on the alleged condition.

The action was properly brought by the city. Section 3574, Kentucky Statutes provides: "Such liens may be enforced, as other liens on real estate, by action brought in the name of the city or the contractor entitled thereto."

The salability of the bonds would be very much affected if the statute had provided otherwise, for if the bonds could only be collected by suits by the bondholders, they would not be so readily purchased. The purpose of the statute plainly was that the bondholders were to be at no expense in enforcing the assessments, and that this duty should rest upon the city.

The appellee earnestly insists in his brief that the paper on its face is insufficient and for this reason the demurrer to the answer should have been carried back to the petition. The paper is in these words:

"Agreement. This agreement made and entered into this the 1st day of November, 1924, by and between the City of Irvine, Kentucky, party of the first part, and Grant E. Lilly of Lexington, Kentucky, party of the second part:

"Witnesseth: That the party of the second part for and in consideration of the privilege of paying the local assessment levied against the property of the said second party in installments, as provided in Section 3575 Kentucky Statutes, the said tax being for the improvement of the street on which the property of the second party abuts, hereby agrees to pay the said tax amounting to $————, on the ten year plan as provided in the section above referred to and further agrees with the City of Irvine, Kentucky, that he will make no objection to any illegality or irregularity with regard to the taxes against his property and that he will pay same pursuant to all the provisions of Section 3575 of the Kentucky Statutes.

"In testimony whereof witness the signature of the City of Irvine, Kentucky by Christopher, Mayor, Attested by W. F. Stevens, Clerk, and by Grant E. Lilly, this the 1st day of November, 1924.

"City of Irvine, Kentucky.
"By ——————, Mayor.
Attest ——————, Clerk.
"Grant E. Lilly.

"268 ft. Grant E. Lilly    902.22
"39    ft. Lou L. Jackson   131.28
"62.4 ft.  Grant E. Lilly   187.20"

It is insisted that the paper is invalid, in that the blank for the amount of taxes was not filled out; but the reason for this is very apparent. The figures for the three lots could not be put in the body of the paper in the blank left for one set of figures, and so they were written at the end. The meaning of the paper as a whole is perfectly clear.

It is also insisted that it is invalid because the mayor and clerk did not sign the paper. But this is immaterial when the city accepted it and issued the bonds and the defendant secured the time on his assessment, which was what he wanted. He accepted the benefit of the contract, for he did not offer to pay his assessment. Mrs. Lou L. Jackson is his sister for whom he was acting, but she is not a party to this action.

Appellant insists that the resolutions and ordinances adopted by the city are insufficient. But he cannot rely on this, for under the terms of the statute by his acceptance of the 10-year plan he waived all this. He cannot now maintain that the assessment is confiscatory;; for his acceptance of the 10-year plan was an agreement to pay the assessment in 10 yearly payments. The assessment by the front foot has been often sustained by the court. Barfield v. Gleason, 111 Ky. 491, 63 S. W. 964, 23 Ky. Law Rep. 128, and cases cited. After accepting the 10-year plan, the defendant cannot maintain that only a 50 per cent. assessment should have been made; for his acceptance of the 10-year plan was a waiver of all objections to the amount of the assessment.

The court did not err in holding that the lien of the city for the amount of the assessment was superior to

the mortgage taken by the bank before the improvement was made. The statute has been in force for many years. The bank took its mortgage with full notice of the power of the city to require the lots to bear their proportion of the expense of constructing the streets on which they fronted, and its mortgage is therefore inferior to the lien of the city under the statute. Dressman v. Bank, 100 Ky. 571, 38 S. W. 1052, 18 Ky. Law Rep. 1013, 36 L. R. A. 121; Dressman v. Simonin, 104 Ky. 693, 43 S. W. 767, 20 Ky. Law Rep. 868.

On the whole case, the court perceives no error in. the record to the substantial prejudice of appellant's rights. Judgment affirmed.