## City of Morehead et al. v. Blair et al.

(Decided March 18, 1932.)

JOHN W. HEUVER and LESTER HOGGE for appellants.

D. B. CAUDILL and W. B. WHITE for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

The City of Morehead enacted an ordinance for the improvement of a number of streets with necessary guttering and storm sewerage for the surface drainage of the streets, including Fifth Street. The work was done pursuant to the ordinance, and this action was brought by the city and the contractor against Isaac Blair, etc., the owners of a lot fronting on Fifth Street, to enforce the lien for the improvement on the property. On final hearing the facts were agreed and the court dismissed the plaintiffs' petition. They appeal.

By the ordinance Fifth Street was directed to be improved from Wilson Avenue to the boulevard. The defendant's lot lies on this part of Fifth Street. The ordinance, among other things, contains these provisions:

"Each street improved shall be a unit for the apportionment of the cost thereof, and each lot or part of lot, bordering or abutting thereon shall be assessed its proportionate part of the cost thereof, including cost of crossings and intersections of said street. For the purpose of apportioning and assessing the cost of the storm sewerage for surface drainage the said streets and parts of streets within the drainage area of such sewerage shall be a unit. Each lot or part of lot bordering or abuttting any of the said streets shall be liable for its proportionate part of the cost thereof in proportion as the number of front feet such lot or part of lot bears to the total

number of front feet bordering on such drainage area.''

The ordinance also provides that the work should be done under the ten-year payment plan, as provided in sections 3643-3 to 3643-5, and this was set out in the ordinance. The bonds were issued, but there was no bid for them and the contractor took them. The defendants failed to pay the first installment and this suit was brought to enforce the whole assessment against the property.

The court dismissed the petition on the ground that the city passed no ordinance accepting the work, and that in fact the work had not been accepted by the city. Section 3643-4, Ky. Stats., provides:

"But any work undertaken under the provision of the preceding section, to-wit: Upon the ten-year bond plan is completed in accordance with the contract, the work shall be received by the city council and the said council shall order the payment for the same made to the contractor by issuing an order (to) the city treasurer to pay same in full out (of) the 'street improvement fund'.''

Under this provision there was no necessity for an ordinance accepting the work, there being no provision of the statute governing this class of cities requiring this to be set out in an ordinance. Nevin v. Roach, 86 Ky. 492, 5 S. W. 546. But it is insisted that the action of the council does not show that the work was ''received by the city council.'' The record shows that after the work had been done the street committee and the city engineer filed their report showing the total cost of the work and how it should be apportioned to each property, and the city, on July 24, 1928, took this action:

"3. Moved by C. E. Bishop, seconded by J. W. Hogge, that the report of the street committee and engineer, be accepted on final estimate on Fifth Street from Boulevard to Wilson Avenue, the council voting as follows: C. E. Bishop, yea; J. W. Hogge, yea; J. A. Bays, yea; D. B. Cornett, yea.
"That said purported final estimate is pasted in the minute book, and a copy is filed herewith and made a part hereof, marked, 'Exhibit C'.''

It is earnestly insisted that the order only shows that the reports were accepted and does not show that they were adopted by the city council. But the record must be read as a whole, and so shows that the city, after this order was made, issued the bonds pursuant thereto and went on and closed the matter up. The word "accept" was clearly therefore used in its broad sense given in Webster's Dictionary—"to approve", or "to agree to". See, also, 1 C. J., p. 377-78.

The court therefore erred in dismissing the petition upon the agreed facts. Three other matters are earnestly presented in the brief for appellant, involving the correctness of the assessment as made by the city. But none of these matters were decided in the circuit court. The jurisdiction of this court, under the Constitution, is only appellate. The rule of the court is only to review the action of the circuit court. One reason for the rule is that matters are usually better presented when considered in the light of the decision of the circuit court and counsel's discussion thereon. In this case, in view of the agreed value of the lot and the provision of the statute that the assessment may not be enforced beyond 50 per cent. of the value of the property, some of these questions may not be material to appellees. All other questions are therefore reserved.

Judgment reversed, and cause remanded for further proceedings consistent herewith.