## City of Morehead et al. v. Kennard et al.

(Decided May 30, 1933.)

JOHN W. HEUVER and E. HOGGE for appellants.
D. B. CAUDILL and .W. B. WHITE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The city of Morehead authorized the improvement of a number of streets by grading and paving them and installing a system of surface water drainage sewers at the cost of the abutting property owners upon the ten-year plan. Section 3643-1 et seq. Statutes. This suit was brought to enforce a lien upon appellees' property for $657.32, which was the total assessment for the streets and the sewer, upon the allegation of nonpayment of the first installment when due and the precipitating clause of the obligation. The trial court held that the property was liable for the assessment of $498.78 on account of the street improvements. That liability is conceded.. The issue here is only the liability of the property for the sewer assessment.

Appellees' property is located on Fifth street, and water falling on that part of the street on which it abuts does not drain into any of the sewers constructed under the ordinance, but flows in the opposite direction into a certain creek. The property receives no benefit from the system either by having the water falling upon it carried away, or by having water turned away which otherwise would run upon it. There were sixteen different streets included in the plan of improvement and authorization.

The ordinance under which the work was done, after providing that the cost should be borne exclusively by, apportioned among, and assessed against, the

lots "fronting, abutting and bordering on the streets, ways and alleys ordered to be.improved," declares:

> "Each street improved shall be a unit for the apportionment of the cost thereof, and each lot or part of lot bordering or abutting thereon shall be assessed its proportionate part of the cost thereof, including cost of the crossings and intersections of said street."

Immediately following that is this provision:

> "For the purpose of apportioning and assessing the cost of the storm sewerage for surface drainage the said street and parts of streets *within the drainage area of such sewerage shall be a unit*. Each lot or part of lot bordering or abutting any of said streets shall be liable for its proportionate part of the cost thereof in proportion as the number of front feet such lot or part of lot bears to the total number of front feet bordering on such *drainage area*." (Our emphasis.)

It seems clear that different units were provided for the apportionment of the two kinds of improvement according to the benefits to the property. As to the street paving, each street was a unit, so that there were sixteen different units for apportioning the cost of the street improvements. But the watershed or area drained was declared to be the one unit for the apportionment of the cost of the sewers among all of the lots therein. It was a valid arrangement. Little v. Town of Southgate, 221 Ky. 604, 299 S. W. 587.

The appellant construes that opinion as authorizing the spreading of the cost of the sewers over the entire area ordered improved by the ordinance, that is, the area which the sixteen streets cover, upon the idea that whatever benefited any part benefited the whole, and that the ordinance so provided. Other cases are cited to the same effect.

There is no difficulty with the law. As to whether the municipality could have included in the assessment property which was not benefited by the sewers is a question not before us. The fact is the ordinance did not do so. It provided that only the drainage area and the property in that watershed should be charged with the cost of the drainage. We cannot give to such a

simple term as "drainage area" a definition which would encompass any street or lot in the city not drained, as the appellant claims.

Judgment being in accord with this conclusion, it is affirmed.