## Hargis et al. v. W. T. Congleton Co. et al.

(Decided Nov. 14, 1933.)

A. H. HARGIS for appellants.

GRANNIS BACH and FRANK S. GINNOCCHIO for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee W. T. Congleton Company, a contractor, filed suit against the appellants, A. H. Hargis and Elbert Hargis, to enforce public improvement liens on

four lots in Jackson. It made the city of Jackson, the board of education, and the First National Bank & Trust Company of Lexington parties defendant, averring that the two former municipalities had liens upon the property for unpaid taxes and that the bank held a mortgage lien on it. These liens were subsequently set up and a judgment enforcing all of them was rendered. The Hargises (to whom we shall refer as the defendants) questioned the right of the parties to set up these liens in a suit of this character. They made defenses in substance that the improvement liens as to two of the lots were excessive and not wholly chargeable against the property. It was denied that there was any such lien subsisting on lot No. 4, and furthermore that it had been previously sold by the city for taxes. They denied the existence and validity of the tax liens upon several grounds. The claim of an improvement lien against lot No. 4 was subsequently withdrawn by the plaintiff.

The defendants filed a motion, supported by an affidavit, to have the special judge designated to try this and other cases in which they were involved vacate the bench. An affidavit for this purpose must state facts. Lester v. Commonwealth, 250 Ky. 227, 62 S. W. (2d) 469. A test of the subject-matter and definiteness of the charges must be whether the affiant could be held guilty of false swearing if the statements are untrue. Schmidt v. Mitchell, 101 Ky. 570, 41 S. W. 929, 72 Am. St. Rep. 427. This demand for facts is of course to get away from conclusions and generalities in their presentation. A very careful consideration of the affidavit filed in this case results in the clear conviction that the charges that the special judge would not give the defendants a fair trial and their bases are but conclusions. They are in many respects like those held insufficient in Nelson v. Commonwealth, 202 Ky. 1, 258 S. W. 674, in which opinion the principle is discussed. See, also, White v. Jouett, 147 Ky. 197, 144 S. W. 55; Chreste v. Commonwealth, 178 Ky. 311, 198 S. W. 929; Lilly v. O'Brien, 224 Ky. 474, 6 S. W. (2d) 715; Combs v. Brock, 240 Ky. 269, 42 S. W. (2d) 323; Conn v. Commonwealth, 245 Ky. 583, 53 S. W. (2d) 931.

A motion for a continuance of the trial on account of the illness of the defendant A. H. Hargis was overruled. It appears from the order of court that oral

evidence was heard upon the motion and reported by the stenographer. That evidence is not in the record, and we must assume that it would support the action of the court.

The point that it was improper to join other lien-holders in the action is not well taken. Section 3574, Statutes, provides that these improvement liens may be enforced as other liens on real estate. Section 692, Civil Code of Practice, declares that the plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others and make them defendants; and that he may have a sale of the property to satisfy all of the liens shown to exist on the property.

Coming to the merits of the various defenses, it is found the record contains only the depositions of the defendant, A. H. Hargis, and another witness, which relate only to part of the issues respecting the improvement liens. An order was entered on February 25, 1933, setting the case for trial on the 27th, and directing that the evidence should "be introduced before the court in open court, but either party shall have the right to read any deposition that they may have taken." This procedure is authorized by section 552, Civil Code of Practice. The judgment recites that it was rendered after a consideration of the pleadings, exhibits, and the evidence introduced by the plaintiff in open court. The omission of this evidence is of controlling importance, for it is the universal rule of all appellate courts that when such condition exists and the appeal involves questions of fact it must be assumed that the evidence supports the judgment. This necessary and conclusive rule was applied by this court as early as 1809, in Reading v. Ford's Heirs, 4 Ky. (1 Bibb) 338, and has been uniformly observed to this day.

The plaintiff set up writings signed by A. H. Hargis, who owned the property at the time the improvement liens attached, in which he waived all irregularities with regard to the improvement taxes against his property, and specifically waived "all defense whatever to the payment of same, and agrees to pay the several installments thereof as they become due" with interest, as provided by law. This was in consideration of being permitted to pay the assessments in ten years. Section

3575, Statutes. These papers bound the defendant so that he could not maintain that the assessments were erroneous in any respect. Lilly v. City of Irvine, 233 Ky. 528, 26 S. W. (2d) 566. The defendants, however, sought to avoid their effect by pleading that they were signed in the belief and with the understanding that the owner might thereafter purge the assessments of any excess, and, in a way, they charged that their execution was obtained through fraud and mistake. Waiving the question of the right to make the plea against the holder of the bonds issued upon the faith of the instruments (see Lilly v. City of Irvine, supra), the burden was clearly upon the defendants to sustain their plea, and we are not able to say that the ruling denying it was erroneous because of the absence of all evidence upon that point.

The defendants filed with their answer a copy of a deed conveying to the city of Jackson on September 2, 1930, a portion of lot No. 2 in consideration "of the sum of the full cost of all street assessment for paving and improvements of every kind against said property and in front of or on same to the approximate cost of $743." The defendants claim that this relieved that part of the lot which Mr. Hargis retained lying back of that part which he conveyed to the city. The judgment against this lot on that account is $496.50. Liability of $138.05 is admitted. If the judgment in fact included any assessment which a proper construction of the deed requires the city to satisfy, the defendants' recourse was or is against the city under its promise. As to the holder of the bond, the defense cannot be sustained, for an owner of property may not convey it when a lien of this character has already attached and deprive the owner of the lien of his rights therein because of the assumption by a third party to pay the assessments. The defendants may have a cause of action over against the city on this account (a matter which we do not decide), but it was not asserted in this suit by way of a cross petition or otherwise.

In respect to the city and school taxes and the lien of the bank and trust company, which were questioned by the defendants, in addition to having no evidence before us upon those issues, none of the parties holding the liens are parties to this appeal and the judgments in their favor could not be reviewed. The statement of.

appeal (required by section 739, Civil Code of Practice), styles as the appellees "W. T. Congleton Company, et al.," and in its body it is stated that the parties to the appeal are as named in the caption. Unless a party to the suit below is expressly mentioned as an appellant or as an appellee, he is not before the court on the appeal. It is not sufficient to merely refer to parties other than those specifically named by such expressions as "etc.," "et al." Morton v. Young, 173 Ky. 301, 190 S. W. 1090; Pennington v. Carter County, 232 Ky. 485, 23 S. W. (2d) 951.

The property was sold before the record was made, and the report of the commissioner shows that lot No. 3 was appraised for the purpose of sale at $2,000 and brought $2,196.45. The improvement liens asserted against this lot aggregate $1,523.23, and the judgment was for $1,827.56, which probably included some taxes. The provisions of section 3563, Ky. Stats. Supp. 1933, are invoked in argument that the assessment in excess of one-half the value of the property is void. We find no pleading to that effect. The question is raised by exceptions to the report of sale, and they were not acted upon. The value of the property for the purpose of applying this provision of the statute is to be ascertained as of the time the lien attaches, or when it is adjudged. The former was when the work was accepted by the council and the assessment made (if the ordinance did not otherwise provide), and that was June 16, 1930. The judgment was rendered March 1, 1933. The sale was had April 24, 1933. The defendants should have raised the question of spoliation and asked the court to fix the value of the property in advance of the sale. The subject has been recently considered in Thompson v. City of Williamsburg, 229 Ky. 81, 16 S. W. (2d) 772; Garrard v. Kinder, 230 Ky. 176, 18 S. W. (2d) 1013; E. J. Knepfle Sons v. City of Clifton, 230 Ky. 408, 19 S. W. (2d) 1070, and Tuggle v. Marsee, 231 Ky. 650, 21 S. W. (2d) 1022. Furthermore, this right, if any, was also covered by the waiver. Herbert C. Heller & Co. v. Hunt Forbes Const. Co., 223 Ky. 168, 3 S. W. (2d) 206. Obviously the defense is not available on this appeal.

Vigorous complaint is made because the several parcels were sold for sums in excess of the liens for the improvements and taxes. We can hardly grasp the

reasons for the objections to this. But the question is raised only by exceptions to the report of sale. This record does not disclose that any action thereon has ever been taken. There is nothing here for this court to consider on the point.

For the several reasons stated, the judgment is affirmed.