# W. T. Congleton Co. v. Craft et al.

(Decided March 16, 1937.)

GRANNIS BACH for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

For a number of years Thomas L. Craft has been the owner of two lots in Jackson, a city of the fourth class, one of which is made up of two seprate parcels which he acquired by different deeds and will be referred to as lot No. 1. This lot fronts about 400 feet on Main street. The other lot is at the corner of Main and Washington streets and fronts about 50 feet on the former.

During the years 1929-1930, W. T. Congleton Company, a corporation, under contracts let pursuant to the provisions of section 3563 et seq., and section 3579a-1, Kentucky Statutes, constructed or improved Main street with concrete pavement and also constructed sewer lines along such street and abutting the property of Craft. The ordinance provided for the construction and improvement of the street under the ten-year payment plan and for the construction of the sewer under the five-year plan with the right reserved to property owners to pay their entire assessment in cash as provided by statute. After the improvements had been completed, the city engineer submitted to the city council his estimates and apportionments of costs to each property owner which were approved. The apportionment against lot No. 1 for the street improvement was $1,662.04 and against lot No. 2 was $207.76. The apportionment against lot No. 1 for the sewer improvement was $712.52 and against lot No. 2 was $89.07.

Thereafter, Thomas L. Craft entered into an agreement in writing with the city to pay 10 annual installments as provided in section 3575 of the Statutes and in conformity with such section agreed in consideration of such privilege that he would make no objection to an illegality or irregularity with regard to the tax

against the property and he would pay same in the manner provided in the agreement. He signed a similar written agreement with the city to pay his sewer tax in five annual installments. Bonds sold in anticipation of the collection of the taxes for improvements made on the installment plan were purchased by the contractor and Craft having defaulted in the payment of the principal and interest, the bondholder exercised its option to declare all the installments with interest and penalties due and payable; and instituted this action seeking to recover the amounts of its bonds with interest and penalties and for the enforcement of its lien.

S. B. Howard and J. E. Craft were named parties defendant in the petition and it was alleged that Howard had a lien against the second tract but that same was inferior to those of plaintiff and that the defendant, J. E. Craft, was asserting a claim or interest in the property of Thomas L. Craft described in the petition.

By answer Thomas L. Craft attacked the validity of the assessments against his property on grounds which will be unnecessary to enumerate for reasons presently discussed. He alleged that before the ordinances providing for the sewer and street improvements had been passed and before he had signed the waiver agreements, he had executed to the Hargis Bank & Trust Company, a mortgage on the property to secure the payment of a note for $2,200 and had also executed to J. H. Johnson a second mortgage to secure the payment of a note for $1,500, which mortgages had been duly put to record; that thereafter he procured from S. B. Howard $210 to be applied as a payment on the Hargis Bank & Trust Company mortgage with an understanding that Howard should have a lien on the property to secure the payment of the sum so furnished and that pursuant to the agreement he had executed and delivered to Howard a mortgage on the property; that he also entered into an agreement with J. E. Craft whereby the latter was to pay the Johnson mortgage in installments of $75 per month; that Johnson agreed to withhold the enforcement of his mortgage lien and accept payment of $75 per month from J. E. Craft and to assign the mortgage to him when same had been paid; that pursuant to the agreement J. E. Craft did

pay Johnson two installments of $75 each and to that extent was entitled to be subrogated to the rights of Johnson.

J. E. Craft and S. B. Howard filed answer setting up payment by them as alleged in the answer of Thomas L. Craft and asked that to the extent of such payments they be subrogated to the rights of the mortgagees and by intervening petition Howard alleged that tract No. 2 was sold by the commissioner pursuant to judgment in the case of J. H. Johnson v. T. L. Craft for the enforcement of the lien to secure the balance due on the Johnson mortgage and that Craft became the purchaser; that he signed the sale bond as surety for the purchaser and was required to and did pay the sum of $191.81 in satisfaction thereof on October 27, 1932, and thereafter by order of the court, the judgment was assigned to him and to the extent of such payment he was entitled to be subrogated to the rights of the original mortgagor.

By these pleadings of defendants it was alleged that the assessments against the lots exceeded one-half of their value, and since the mortgagees did not sign the waiver agreement, the assessments to the extent of such excess were void as against the mortgagees.

By reply plaintiff alleged that after it acquired its lien, a building which was on lot No. 1 was destroyed by fire and appellant collected insurance on the building in the sum of $1,100.41, which sum was applied as a payment on the Hargis Bank & Trust Company mortgage; that after it acquired its lien, a building on lot No. 2 was destroyed by fire and Thomas L. Craft collected insurance on the building in the sum of $1,900 which was applied to the payment of the balance due on the Hargis Bank & Trust Company mortgage and the remainder was applied as a payment on the Johnson mortgage; that at the time the apportionment was made and the taxes levied to pay same the lots described in the petition were reasonably worth the sum of $5,000 but are now not worth $2,500; that Thomas L. Craft and the mortgagors had received as proceeds of the property by way of the insurance on the building more than one-half of the value of the property as of the date of the levy of the taxes to pay the assessments against same. A traverse of the reply completed the issues.

The city of Jackson and the school board thereof intervened and set up certain taxes due them against the property which they alleged were a prior and superior lien and no question was made concerning the amount or validity of their claims.

On final hearing it was adjudged that the city of Jackson and the school board recover taxes aggregating $97.25 with interest; that plaintiff recover the sums sued for with interest; that J. E. Craft recover of Thomas L. Craft the sum of $150 with interest from August 12, 1931, and that S. B. Howard recover of Thomas L. Craft the sum of $19 with interest from October 27, 1923; that the city and school board had a lien prior and superior to all others; that two-thirds of the lien should be satisfied out of lot No. 1 and one-third out of lot No. 2; that plaintiff had a lien on a one-half undivided interest in lot No. 1 prior and superior to all liens and claims except the lien of the city and school board to secure the payment of $1,662.04 and $712.52 with interest, but that the lien be restricted to one-half thereof and without prejudice to the rights of defendant or other lienholders to any extent in the other one-half thereof; that plaintiff had a lien on an undivided one-half interest in the second lot to secure the payment of the sums of $207.76 and $89.07 with interest, superior to all other liens and claims except that of the city and school board; that J. E. Craft had a lien prior and superior to all other liens except the lien of the city and school board on one-half of the lot No. 1 to secure its lien, but that same should not be extended to meet other portions thereof to the prejudice of the rights of plaintiff; that S. B. Howard had a lien prior and superior to other liens except the tax liens of the city and school board on one-half of the lot No. 2 to secure the sum adjudged due him, but the lien should not extend to other portions of the tract to the prejudice of plaintiff. It was adjudged that the liens be enforced and the property mentioned in the petition or sufficiency thereof be sold to satisfy same. Plaintiff is appealing.

The main controversy between counsel for respective parties is the effect to be given the agreement signed by the property owner to exercise the option of paying on the installment plan as provided by statute and his waiver of defenses in consideration of such

privilege. In construing the statute in question and the effect to be given under such agreement signed by the property owner waiving objection to illegality or irregularity with regard to taxes against the property for street paving, it has been consistently held by this court that in signing such agreement the property owner precludes himself from asserting that the assessment against the property exceeds one-half of the value or is excessive or confiscatory or from attacking ordinances or resolutions providing for the improvement and for the assessment and collection of the taxes. Lilly v. City of Irvine, 233 Ky. 528, 26 S. W. (2d) 566; Herbert C. Heller & Co. v. Hunt Forbes Construction Co., 223 Ky. 168, 3 S. W. (2d) 206. It may be conceded that as interpreted by the courts, the statutes in some instances are harsh and work great hardship on property owners. It is not denied that the court has given to the statutes the only construction of which they are reasonably susceptible. They are couched in such plain and unambiguous terms as to leave no doubt concerning their purpose and effect. Persons who acquire or hold property in cities and towns do so with full knowledge of the power of governing authorities of the municipality to burden the property with expenses of street and sewer improvements. While section 3563 of the statute provides that any assessment for street improvement as therein provided exceeding one-half of the value of the real estate upon which the assessment is made shall be void as to such excess, the property owner may by signed agreement as provided in section 3575 waive such provision as between himself and the city or bondholder. However, as is conceded by counsel for appellant, the signing of such agreement by the property owner alone does not operate as a waiver of that defense as to the mortgagee whose mortgage lien antedates the street improvement assessment; but in such circumstances the mortgagee has a superior lien on that part of the lot which exceeds the 50 per cent. allocated by statute to the payment of street assessments. See Stone v. City of Providence et al., 236 Ky. 775, 34 S. W. (2d) 244; White Construction Co. v. Louisville Title Co. et al., 258 Ky. 179, 79 S. W. (2d) 689.

When we turn to section 3579a-1 of the Statutes relating to sewer construction, we find no provision re-

stricting the assessment to one-half of the value of the abutting property, but it is specifically provided in that section that the amount of sewer tax assessed against any lot shall in no event exceed $2 per front or abutting foot, and this without regard to the value of the lot. See W. T. Congleton Co. v. Turner et al., 256 Ky. 788 S. W. (2d) 23. It is conceded that the city and school board had a prior and superior lien, on the lots for the amount of the taxes adjudged due them.

With the statutes and authorities cited as a guide we are led to the conclusion that appellant has a lien on the two lots prior and superior to all liens other than that of the city and school board to secure the payment of the sewer bonds with interest and such penalties as may be provided by statute; and as to the street improvement bonds it has a prior and superior lien on the lots to the extent of one-half of their value; but to the extent that the assessment for street improvements exceeds one-half the value of the lots, appellant's lien is inferior and subject to mortgage liens antedating the street assessment. In so far as the judgment holds otherwise it is erroneous. In determining whether the assessment under section. 3563, supra, is in excess of one-half of the value of the lot the value should be fixed as of date of assessment. White Construction Co. v. Louisville Title Co. et al., supra.

The contention of Thomas L. Craft that his signature to the waiver agreement was obtained by fraud and misrepresentation upon the part of appellant is not sustained by evidence. The evidence at most merely shows that the agent or representative of appellant did not tell Mr. Craft the effect of the waiver agreement. There is nothing to indicate that any false representation was made or that Mr. Craft was in any way deceived or misled.

Appellant does not seriously contend or point out any reason why J. E. Craft and S. B. Howard should not be subrogated to the rights of the original mortgagees to the extent adjudged by the chancellor, and we see no reason to disturb the judgment in that particular.

Concerning the contention of appellant that the mortgagees received sums equal to one-half of the val-

ue of the lots by way of insurance on the buildings, it may be said that the evidence as to when the buildings were destroyed by fire and as to the value of the lots as of the date of the assessment is vague and confusing. But since the judgment must ·be reversed for reasons already indicated, either party may produce further evidence and have these questions determined.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.