# Commonwealth v. Wallace.

(Decided June 14, 1938.)

HUBERT MEREDITH, Attorney General, A. E. FUNK, Assistant Attorney General, and H. B. KINSOLVING, JR., for appellant.

GEORGE L. WILLIS, JR., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Dismissing appeal.

Avery Wallace was given his liberty under two bonds of $500 each for his appearance for trial in the Oldham Circuit Court at its October term, 1935, on two charges of chicken stealing. O. M. Smith was surety on both bonds. The accused failed to appear and the bonds were ordered forfeited. The surety was duly summoned and filed a response. Before the rule was finally acted upon Wallace was arrested in Illinois and returned. He plead guilty to both charges and was sentenced on each charge to serve two years nonconcurrently.

After a hearing upon the response of the surety to the order of forfeiture, the court, as authorized by Section 98, Criminal Code of Practice, remitted the sum specified in the bond, excepting $83 covering the expense of bringing the prisoner from Illinois to stand trial.

The Commonwealth has prosecuted an appeal from that judgment and vigorously questions the propriety of the court granting the surety such relief. However, the appeal is only against the defendant Wallace. The proceedings taken in the circuit court to forfeit the bond and collect the same were in accordance with Sec-

208

tions 93 and 94, Criminal Code. Section 94 provides that summons shall be "issued against the bail, requiring them to show cause" why judgment should not be rendered against them. The word "bail" as therein used obviously signifies the persons who had become security for the appearance of the accused in court. 8 C. J. S., Bail, 48, section 29; Section 164, Civil Code of Practice. It would seem, therefore, that the defendant in the criminal prosecution need not be a party to such proceeding. At any rate, the accused Wallace was not a party thereto. The surety's name does not appear in the statement of appeal required by Section 739, Civil Code of Practice, and as held in many cases no person who is not specifically named therein is brought before this court. See Hargis v. W. T. Congleton Co., 252 Ky. 192, 66 S. W. (2d) 98, and cases therein cited. The surety on these bonds, Smith, has filed no brief or otherwise entered his appearance.

It follows, therefore, that the appeal should be and it is dismissed.