## City of Morehead v. Nickell et al.

May 12, 1939.

LESTER HOGGE and JOHN W. HEUVER for appellant.

R. M. CLAY and W. C. HAMILTON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The appellant, City of Morehead, brought this suit against the appellees, J. L. Nickell and Dallie Nickell, and the Peoples Bank of Morehead, to enforce separate liens for street and sewer assessments—one for North Street in the sum of $1,182.29 and one for Second Street in the sum of $446.79. Appellees pleaded that the as-

sessments exceeded 50% of the market value of their property and asked for an abatement to an amount equal to 50% of this figure. The question of the value of the property was submitted to a jury which fixed it at $2,000. The court accepted the valuation fixed by the jury and reduced the North Street assessment to $1,000 and permitted the Second Street assessment to stand. The only question, therefore, presented by the city's appeal is the propriety of reducing the North Street assessment by $182.29 with interest. Other phases of the litigation arising from these assessments have been here before. City of Morehead v. Blair, 243 Ky. 84, 47 S. W. (2d) 741; City of Morehead v. Kennard, 249 Ky. 476, 61 S. W. (2d) 14; Peters v. City of Morehead, 266 Ky. 99, 98 S. W. (2d) 41.

The assessment was made under the charter provisions of cities of the Fifth Class (Kentucky Statutes, 1936 Ed., sec. 3643-7) providing in part:

"Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lots or parcels of real estate upon which such assessment is made, shall be void as to such excess, but the improvement shall be taken into consideration in fixing the value of such real estate, and the city council shall provide for the payment of any such excess by the city."

It appears that the appellees paid two installments upon the ten-year payment plan fixed by the statute before raising the question of valuation. The questions submitted for decision are stated in appellant's brief to be:

"First. Does the voluntary payment of two annual assessments under the ten year plan provided for Cities of the Fifth Class estop the owner from pleading excess of assessment over fifty per cent of value of lot?

"Second. Should voluntary payments made by abutting owner on installments due under ten year plan be considered in suit to enforce payment of balance due?"

It is provided in the charters of cities of various other classes that the property owner who elects to pay on the ten-year plan shall execute a written waiver of objection to any illegality or irregularity with regard to

the taxes against his property. For example, see Kentucky Statutes, Sections 3101, 3458, and 3575. It has been held that this waiver precludes the right thereafter to object on the ground that the apportionment exceeds fifty per cent of the value of the property assessed. H. C. Heller & Co. v. Hunt Forbes Construction Company, 223 Ky. 168, 3 S. W. (2d) 206. The applicable statutes, however, in each case provide that the property owner who enters into a waiver of this kind ''shall be concluded thereby, and shall not be permitted to set up any defense whatever against the payment of such taxes.'' No such provision exists in Section 3643-7 under which the assessments here involved were made. The statute simply provides for the payment of the assessment in ten equal installments. We are asked to infer a waiver from the mere act of payment of two of the installments.

In McQuillin on Municipal Corporations, 2d Ed., Section 2276, the author says:

''Payment of a special assessment without protest by the owner of the property assessed is a waiver of objections to the legality of the improvement. But where the assessment is void, the payment of one or more installments by the owner of the property assessed, it has been held, will not estop him from denying his liability for the balance. Payment of part of an assessment without protest is a waiver of the right to object to the assessment on the ground of mere irregularities, or, it has been held, on the ground that the statute under which it was levied is unconstitutional.''

A distinction is drawn in the cases between the right of a property owner to object to the payment of the remaining installments of an assessment which is partially invalid, and the right to recover installments already voluntarily paid where the assessment is partly void. We have been referred to no Kentucky case deciding that the payment of a portion of an assessment admittedly due thereby waives the right of the property owner to object to the payment of so much of the remainder as is void. The very fact that the legislature has provided in the charters of various other class cities for a written waiver if the property owner desires to pay on the ten-year plan indicates that in the absence of such a waiver no obstacle exists to raising an objection that the assessment is partially void (as distinguished from

voidable). The value of appellee's property was fixed as of the date of the assessment, White Construction Company v. Louisville Title Company, 258 Ky. 179, 79 S. W. (2d) 689; and the statute expressly provides that the assessment shall be "void" as to the excess over cne-half of the value of the lot. Appellees plainly owed so much of the assessment as was valid. Their payments to this extent did not waive their right to object to paying what they did not owe. City of Clovis v. Scheurich, 34 N. Mex. 327, 279 P. 876; People ex rel. Montgomery v. Maynard, 352 Ill. 283, 185 N. E. 620. The city had no right to collect so much of the assessment as is void, and we see no objection to the action of the trial court in crediting the payments made against the sum actually due rather than against that portion now shown to be void.

Judgment affirmed.