## First National Bank v. Stephens & Steely.

(Decided March 3, 1914.)

## Appeal from Whitley Circuit Court.

Instructions—Should be Given Before Argument Begins—Practice.
—It is the proper practice to instruct the jury before the argument is made, but it is not necessarily prejudicial error to instruct the jury during the argument or even after the argument is closed. When, however, an instruction is given after the argument is closed, the court should always permit the attorneys, if they desire so to do, to re-argue the case, at least to the extent that the issues are affected by the belated instruction.

J. B. SNYDER, B. B. SNYDER and H. C. GILLIS for appellant.

STEPHENS and STEELY and TYE & SILER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellees, Stephens & Steely, attorneys-at-law, brought suit against the appellant bank to recover $225 attorneys' fees and $7.80 for expenses.

The Bank, in its answer, after denying that it owed the attorneys anything, set up a counterclaim of $34.60, and sought to recover judgment for this amount.

On a trial of the case before a jury there was a judgment against the Bank, and it appeals.

One of the grounds relied on for reversal is that the petition did not state a cause of action, and therefore the court erred in overruling the general demurrer, and also the motion to make the petition more specific.

The petition is not aptly drawn, and the motion to make it more specific, as well as the demurrer, should have been sustained. But the failure of the court to so rule was not prejudicial, for when taken in connection

with the answer and reply it furnished to the defendant full information concerning the cause of action asserted by the plaintiffs, and it is quite evident that the defendant did not go into the trial ignorant of the issues it would be required to meet.

It is argued that another serious error was committed by the court in the action taken concerning an amended petition. It appears that at the conclusion of the evidence for the plaintiffs the defendant moved the court to direct a verdict in its favor, upon the ground that the petition did not state a cause of action authorizing a recovery by the plaintiffs. Thereupon the court permitted an amended petition to be tendered, reserving for future action whether it should be filed. After the evidence for the defendant was in, the court permitted the amended petition to be filed, and thereupon the defendant, claiming to have been taken by surprise, asked that the swearing of the jury be set aside and the case continued, which motion was overruled.

After reading the pleadings and the evidence, we are not prepared to agree with counsel for the appellant that it was not advised of the issues until the amended petition was tendered, or that the filing of this amended petition was necessary to constitute a cause of action on the part of the plaintiffs sufficient to sustain a judgment. The amended petition merely stated more specifically the cause of action, and the defendant was not prejudiced by the action of the court in reserving the question of filing it or in filing it, although as a matter of practice, we should say that when the amended petition was tendered the court should then have either refused to allow it to be filed or have permitted it to be filed, so that both parties might be advised as to what action the court would take in respect to it.

Another ground of complaint is that the evidence did not entitle the plaintiffs to a recovery. The evidence is conflicting both as to employment of the plaintiffs and the value of their services, but these were questions of fact that the jury had the right to pass on, and the evidence for the plaintiffs was sufficient to support the verdict and judgment in their behalf.

The instructions are vigorously criticized, but they submitted to the jury every substantial issue in the case. In the first instruction the jury were told that if they

believed from the evidence that the plaintiffs, or either of them, were employed by the bank to represent it in certain cases named in the pleading and also in the instruction, or if they believed that the attorneys, with the knowledge and consent of the Bank, performed legal services in the named cases, and the Bank accepted the services and benefits thereof, they should find for the plaintiffs such a sum as would fairly and reasonably compensate them, and that unless they so believed, they should find for the defendant.

Passing for the moment the issue raised on the counterclaim, the jury could not have misunderstood or misapplied the instructions. If the Bank employed these attorneys, or if, with the knowledge and consent of the Bank they rendered services for it, and it accepted the services and the benefits derived therefrom, it was under obligation to pay the attorneys reasonable compensation for their services. On the other hand, if the attorneys were not employed by the Bank, or if they did not, with its consent and knowledge, perform services for it that it accepted and received the benefits of, they were not entitled to any fee, and the jury were so told.

The Bank offered an instruction on the subject of the counterclaim in which the jury were advised that if the attorneys, without the consent or authority of the Bank, compromised and settled for $100 a collectable claim the Bank had against Martin on his bond for $134.60 they should find for the Bank upon this counterclaim. For some reason not appearing in the record the court failed to give this instruction. Doubtless the failure was due to inadvertence or oversight, but at the conclusion of the argument the court did submit an instruction in substance the same as the one offered. To the giving of this instruction at the time it was given counsel for the Bank objected and excepted, and it is now complained that the court committed prejudicial error in failing to give this instruction before the argument was made and in failing to permit a re-argument of the case after the instruction was given.

It is of course the proper practice to instruct the jury before the argument is made, but it is not necessarily prejudicial error to instruct the jury during the argument or even after the argument is closed. Middleton v. Com., 136 Ky., 354. When, however, an instruction is given after the argument is closed, the court should al-

ways permit the attorneys, if they desire so to do, to re-argue the case, at least to the extent that the issues are affected by the belated instruction.   But evidently counsel did not believe that the giving of this instruction at the time it was given prejudiced in any material manner their rights, as they did not request the privilege of making any argument after this instruction was given.   Under these circumstances, we do not find that any available or substantial error was made respecting this instruction.

The judgment is affirmed.