## Stone v. City of Providence et al.

(Decided December 12, 1930.)

(As Modified on Denial of Rehearing January 30, 1931.)

J. A. JONSON for appellant.

CASS L. WALKER for appellee City of Providence.

RAYBURN & WITHERS for appellees Providence Citizens' Bank & Trust Company and John D. Wynn.

VERT C. FRASER for appellees L. B. and Gladys Utley.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The question presented in the appeal of these consolidated cases is this: O, the owner of a lot in the city of Providence, a city of the fourth class, mortgaged it to M. Thereafter the street in front of this lot was improved under ordinances, duly passed by the City of Providence and an apportionment was levied upon the lot of O for his part of the cost of such improvement. O elected to pay the apportionment on the ten-year payment plan (see Kentucky Statutes, sec. 3575), and, in accordance with the statute, duly entered into an agreement in writing with the city that, in consideration of the privilege of paying the apportionment on the ten-year payment plan, he would make no objection to any illegality or irregularity with regard to the taxes against his property, and

that he would pay the same in the manner provided by statute with specified interest. The city of Providence thereupon issued improvement bonds pursuant to the provisions of section 3577 of the Statutes, pledging for their payment the taxes assessed against and the liens created on the lots by statute. No one offering to buy the bonds, they were turned over to C, the contractor who had built the street, in payment of his contract price for the work. The apportionment levied against the lot of O for such lot's part of the cost of the improvement exceeded 50 per cent. of the value of the lot as determined by the statute. O having defaulted in the payment of his annual installments, C brought suit to enforce the apportionment lien against the lot of O. M, the mortgagee, intervened, claiming that C had a lien upon the lot to secure his apportionment and bonds only to the extent of 50 per cent. of the value of the lot and as to any excess of the value of the lot he (M) had a superior lien to C, the contractor. C contended that he had a lien on the entire value of the lot to secure his apportionment and the bonds issued therefor. The lower court upheld the contention of M, and C, the contractor, has appealed.

The parties are agreed as to certain propositions, the first of which is that ordinarily a lien created by the statute in the apportionment of the cost of a street improvement is superior to a mortgage lien, although the mortgaged lien was put upon the property prior to the improvement of the street.

Secondly, it is agreed that, in the absence of an election on the part of the lot owner to pay the apportionment on the ten-year plan, the lien on the lot for the apportionment of the cost of the street improvement is valid only to the extent that it does not exceed one-half of the value of the lots or parcels of real estate upon which the assessment is made: Kentucky Statutes, sec. 3563, providing:

> "Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lots or parcels of real estate upon which the assessment is made shall be void as to such excess . . . and the board of council shall provide for the payment of any such excess out of the general fund."

Thirdly, it is also agreed that, as between the lot owner who has elected to pay his apportionment on the

ten-year payment plan and the holder of the bonds issued where the ten-year payment plan is taken advantage of, such lot owner waives any defense he has to the apportionment and that he cannot thereafter be heard to say that the assessment made against his property exceeds 50 per cent. of its value. Kentucky Statutes, sec. 3575; Herbert C. Heller & Co. et al. v. Hunt-Forbes Construction Co., 223 Ky. 168, 3 S. W. (2d) 206.

We have left, then, the question whether the lot owner, when he elects to pay his apportionment on the ten-year payment plan, thereby subordinates the lien of a prior mortgage to the claim of the holder of the improvement bonds to have the entire value of the lot applied to the payment of the apportionment levied against it, although that apportionment exceeds 50 per cent. of the value of the lot, or has the mortgagee a superior lien to that part of the value of the lot which is in excess of the 50 per cent. allocated by the statute to the payment of the apportionment where the ten-year payment plan is not taken advantage of. A diligent search both by counsel and the court has brought to light but one case from this court in which this point has been discussed, that of Lilly v. City of Irvine, 233 Ky. 528, 26 S. W. (2d) 566. In that case, as in the one before us, Lilly had mortgaged his property; thereafter the street in front of it was improved; Lilly then elected to pay the apportionment against the property on the ten-year payment plan and signed the requisite waiver. The apportionment exceeding 50 per cent. of the value of the lot, the question involved in the instant case arose, and the trial court held that Lilly having signed the waiver mentioned, the lien of the apportionment on the entire value of the property was superior to that of the mortgage. The mortgagee did not appeal from that judgment, but Lilly did, contending, in so far as this question is concerned, that he had a right to raise it on his appeal because he would not be personally liable for any deficiency that might arise in the enforcement of the apportionment lien, whereas he would be for any deficiency arising out of the enforcement of the mortgage lien and hence he was interested in procuring for the mortgage lien all of value he could. We affirmed the judgment on Lilly's appeal and rightly so. Lilly having signed the waiver in question, he was thereafter estopped as between himself and the holder of the apportionment lien to raise any question about his property being wholly liable for that apportionment. At

the time he signed the waiver, he was under the liability of his mortgage, and being under that liability, he elected to take advantage of the ten-year payment plan for the street improvement. In order to make this election he had to waive any right he then had to question the extent of the apportionment lien, and having waived his right, he could not thereafter question the extent of the lien.

It is true that in disposing of the question in the Lilly case, language was used that indicated that, as between the mortgagee and the holder of the apportionment lien, the latter was superior to the extent of the entire value of the lot. But such language was dicta, as that question was not really involved, and the dicta is not now binding upon us in this subsequent case when the question is actually presented for decision.

We have been unable to find anything in the statutes which indicates that the Legislature intended that the lot owner, by taking advantage of the ten-year payment plan, could waive any rights that a prior mortgagee had. That section of the statutes creating the apportionment lien being the part of Kentucky Statutes, sec. 3563, which we have quoted above, specifically provides that, to the extent the apportionment or assessment exceeds one-half of the value of the lot upon which the assessment is made, it shall be void, and the board of council shall provide for the payment of any such excess out of the general fund. It is therefore apparent that the statute does not create a lien to pay for the improvement except to the extent of one-half the value of the lot, and that the board of council must pay out of the general fund any excess of the cost over the one-half of the value of the lot. That part of the statutes providing for the waiver where the ten-year payment plan is taken advantage of, being a part of Kentucky Statutes, sec. 3575, simply provides that the property owner who exercises the option to pay in installments shall be concluded thereby, and shall not be permitted to set up any defense whatever against the payment of the tax. By the terms of the statute, it is only the property owner who is estopped to make a defense where he elects to pay on the ten-year payment plan. The statute does not purport to estop any one else nor to extend or enlarge the lien which Kentucky Statutes, sec. 3563, creates as against the claim of any one other than the property owner. The statute vests no authority in the property owner to waive any of the rights of the mortgagee, and, as such mortgagee under the statute has

a superior lien on that part of the value of the lot which exceeds the 50 per cent. allocated by the statute to the payment of the apportionment warrant where the ten-year payment plan is not taken advantage of, his rights are not affected, at least in the absence of some act on his part, by what the property owner does.

It follows from what we have said that the judgment of the lower court is correct, and it is therefore affirmed.

Whole court sitting.