## City of Mount Sterling v. Reis et al.

(Decided May 13, 1932.)

HENRY WATSON for appellant.

JOHN G. WINN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

On May 15, 1930, Ben Harvey died intestate and did not leave enough personal property to pay his debts. In a suit brought to settle his estate and to sell his real property to pay his debts, the city of Mt. Sterling asserted liens against some of his property for street improvements. Mrs. Lillie C. Reis and the Montgomery National Bank asserted purchase-money liens against a portion of this property which Mrs. Reis et al. had conveyed to Harvey, retaining thereon liens to secure the payment of some notes, which notes she assigned to the Montgomery National Bank. The property upon which Mrs. Reis and the bank asserted their lien was sold under order of the court and brought $850, one-half of which the court ordered paid to the city, and the other $425 was adjudged to the bank and to Mrs. Reis, and the city, feeling aggrieved by this order, has appealed.

The estate of Harvey owned several lots abutting on South Queen street, against which the city was asserting these improvement liens. One of these lots is known as lot No. 5 in this record and is the lot which Mrs. Reis had conveyed to Harvey by deed in Deed Book No. 76, p. 421, and upon which she had her lien; another lot known in this record as lot No. 6 had been conveyed to Harvey by Miss Mary Sheridan by deed in Book 76, p. 449, and upon which Miss Sheridan was asserting a purchase-money lien. The city grouped these two lots together, and asserted a street improvement lien for $1,060.83 against both of them. Miss Sheridan and the bank moved the court to require the city to allocate to each

lot the lien that it was claiming against it. The city refused to do so, whereupon the court made this allocation, and fixed $859.07 as the amount of the city's lien upon lot No. 5, upon which Mrs. Reis and the bank were asserting their purchase-money lien, and fixed $201.51 as the amount of the city's lien upon lot No. 6, upon which Miss Sheridan was asserting a purchase-money lien. The court by its order left all other questions concerning these liens open for future determination.

This is the first thing of which the city is complaining, but this, which is taken from the case of City of Mt. Sterling v. Bishop et al., 228 Ky. 529, 15 S. W. (2d) 416, 419, is a complete answer to this contention:

"It is true that the city sought to enforce its lien against the combined lot for the combined assessments, but the chancellor separated the combined lot into its constituent parts and adjudged the respective liens against the respective lots. The judgment of the chancellor is supported in this respect by the case of Andrews Asphalt Paving Co. v. Brammel, 221 Ky. 323, 298 S. W. 956."

The two separate liens thus adjudged to the city amount to 25 cents less than the lien the city had asserted against the combined property, but that sum is trifling. The city should have made this allocation when directed to do so, and, having refused, cannot complain about the allocation made by the court.

The next complaint of the city is directed to the action of the court in dividing the $850 for which lot No. 5 was sold between it and the purchase-money lien-holders (Mrs. Reis and the bank). In section 3563 of the Ky. Stats., the following limitation is imposed upon the power of fourth class cities, like this one, in the matter of street improvements:

"Any assessment for any street improvement as provided in this section which exceeds one-half of the value of the lots or parcels of real estate upon which the assessment is made shall be void as to such excess."

By section 3574, Ky. Stats., this provision is made regarding the priority of such liens:

"The lien provided for in sec. 3563 shall take effect upon the publication of the ordinance making

the assessment and levying the tax, and shall take precedence over all other liens, whether created prior or subsequent to the publication of such ordinance, except state and county taxes, general municipal taxes and prior improvement taxes, and shall not be defeated or postponed by any private or judicial sale or by any mortgage or by any error or mistake in the description of the property or in the names thereof.''

By section 3575 a property owner is required to pay such liens within thirty days from the publication of the ordinance accepting the work and assessing the cost thereof, but it also provides that he may pay this assessment in ten annual installments upon the following conditions:

''Any property owner who desires to exercise such privilege of payment by installment shall, before the expiration of the said thirty days, enter into an agreement in writing with the city that in consideration of such privilege he will make no objection to any illegality or irregularity with regard to the taxes against his property, and that he will pay the same in the manner herein provided, with specified interest. Any property owner entering into such an agreement or who exercises the option to pay in installments, shall be concluded thereby, and shall not be permitted to set up any defense whatever against the payment of such taxes.''

In its answer and counterclaim the city pleaded that on November 15, 1930, Ben Harvey made a written request of it that he be allowed to pay the assessments against his property in ten equal annual installments, and in that written request had waived his right to make objection to any illegality or irregularity in the assessment against his property.

The lien given the city by that part of section 3574 of the statute, copied above, is expressly limited to the lien given by section 3563, and, by the terms of that part of section 3563 which we have copied, the city's lien is limited to one-half of the value of the lot or parcel of land upon which the assessment is made. The city contends, however, that by signing this waiver Harvey waived that provision of the Statutes, and that hence no

one can now raise the question of the propriety of the city's lien upon any part of the Harvey property. Thus we have presented to us again the identical question we had before us in the case of Stone v. City of Providence et al., 236 Ky. 775, 34 S. W. (2d) 244, which question was there decided adversely to the city's contention.

It follows that the court did not err in adjudging that the bank and Mrs. Reis were entitled to one-half of the $850, which this property brought when it was sold, and hence this $425 was properly adjudged to them upon their purchase-money liens.

The judgment is affirmed.