# Security Trust Co. et al. v. Title Insurance & Trust Co.

(Decided May 3, 1935.)

GORDON, GORDON & MOORE and ABNER JOHNSTON, Jr., for appellants.

ANDREW M. SEA, Jr., W. J. COX and C. J. WADDILL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

A house and lot on the southeastern corner of East Arch street and Harrig street in Madisonville, Ky., belonging to E. R. Allen, was sold by order of court to satisfy liens against it, and the appellants are complaining of the way the proceeds were distributed.

### Street Improvement.

On May 15, 1925, the city authorities ordered East Arch street to be improved and paved at the cost of the abutting property. An ordinance accepting the work and apportioning the cost was passed and approved August 28, 1926. E. R. Allen on September 9, 1926, elected to pay on the ten-year bond plan the $123.04 apportioned against his property.

On May 17, 1927, the city authorities ordered Har-

rig street to be improved and paved at the cost of the abutting property. An ordinance accepting the work and apportioning the cost was passed and approved December 22, 1927, and on January 20, 1928, E. R. Allen elected to pay on the ten-year bond plan the $533.63 apportioned against his property.

### The Mortgage Lien.

On April 13, 1927, E. R. Allen and wife mortgaged this property to the Louisville Title Company, to secure a series of five bonds of $500 each which he had executed to it.

Allen met his payments upon this mortgage lien up to and including May 20, 1930, and met the payments upon the bonds issued for street improvements to and including January 1, 1930.

### Claims Asserted.

On May 29, 1931, the Louisville Title Company sued Allen upon the balance due it upon these five bonds of $500 each.

September 17, 1931, the Security Trust Company filed in that suit its intervening petition asserting its ownership of the bonds issued for the improvement of East Arch street; that there was a balance due it thereon from this Allen property of $86.11, with interest from January 1, 1930, and a penalty of $8.61 under section 3575, Ky. Stats.

On the same day the appellant White Construction Company filed its intervening petition asserting its ownership of the bonds issued for the improvement of Harrig street; that there was a balance due thereon from this Allen property of $426.89, with interest from January 1, 1930, and a statutory penalty of $42.68.

Each claimant insisted his was a first lien. No question was made regardng the amounts due on the claims asserted. Judgment went by default for claims, penalties and costs as asserted and the property was sold and brought $900.

### The Priority of the Liens.

In order to be allowed to pay these street improvement apportionments upon the ten-year bond plan, it was necessary for Allen to waive all defenses thereto

(see section 3575, Ky. Stats.), and he did. The court adjudged these two street improvement liens to be of equal rank with each other, and no one is complaining of that. As to this waiver of defenses the Title Insurance & Trust Company, which is now trustee of the Louisville Title Company, says that by section 3563, Ky. Stats., the law only allowed a lien for these improvements to the extent of one-half the value of the property improved, and that as it then had a lien on the property Allen could not waive its defenses, and it relied on Stone v. City of Providence, 236 Ky. 775, 34 S. W. (2d) 244. That is true as to the claim asserted by the White Construction Company, but not true as to the claim of the Security Trust Company. The Louisville Title Company had no lien on this property when that waiver was made. Hence that waiver was perfectly good, but in view of the conclusion to which we have come regarding the time as of which this value is to be determined, the results in this case are not affected. Granting the waiver as to the Harrig street bonds was not good, there is still enough to pay it in full.

The appellants established by evidence that at the time of the completion of these improvements this property was worth $2,000 or more. The appellee did not question that, but insisted this value was to be determined as of the date it was sold and by the sum it brought at the sale. City of Mt. Sterling v. Reis, 243 Ky. 765, 49 S. W. (2d) 1029, apparently supports this view, but the parties there had agreed on $850, the sale price, as the value of that property. The trial court adopted the appellee's contention and directed one-half of this $900 or $450 to be paid to appellee the mortgage creditor, and the other $450 to be prorated between the appellants the holders of the street improvement bonds. This was error. See White Construction Co. v. Louisville Title Co. et al., 258 Ky. 179, 79 S. W. (2d) 689. Adopting the value at the time of the completion of the work as the value to be used in determining the amount of this lot's value that can be subjected to the lien of these street improvements, it follows that $1,000 or more can be so subjected; hence it follows there is more than enough to pay the claims of both appellants in full, and upon the return of this case the trial court will set aside its former order and enter judgment directing the payment of appellants' judgments in full and the payment of the remainder of the money on hand to appellee.

The appellee has prayed and has been granted a cross-appeal by which it asks us to correct certain allowances made to the master commissioner direct for the allowance of which it alleges that there is no warrant of law. The master commissioner is the only one affected by this motion, he is not an appellant, hence this cross-appeal was inadvertently granted, and the order doing so is now set aside and the motion for a cross-appeal is overruled. A cross-appeal can only be taken against an appellant. Hessig v. Hessig's Adm'r, 130 Ky. 685, 113 S. W. 851; James v. Smith, 205 Ky. 331, 265 S. W. 822; and other cases cited in the Civil Code of Practice in notes to section 755.

Judgment reversed.