## Security Trust Co. v. Louisville Title Co. et al.

(Decided June 7, 1935.)

850

GORDON & GORDON & MOORE and ABNER JOHNSTON for appellant.

ANDREW M. SEA, Jr., and W. J. COX for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

The proper method of distributing the proceeds of a judicial sale between the owner of street improvement bonds and a subsequent mortgagee is the principal question presented for decision.

The facts are: A. D. Sisk, Jr., owns certain real estate located at the corner of Daves and East Center street in the city of Madisonville. Both streets were improved at the cost of the abutting lot owners. Sisk elected to pay on the ten-year bond plan, and signed the customary waiver. The improvement bonds issued to cover the assessments against the Sisk property were purchased by the Security Trust Company. Some time after the streets were improved, Sisk mortgaged his property to the Louisville Title Company, trustee, to secure a loan of $2,000.

Sisk having defaulted in the payment of the street assessments and the monthly payments on the mortgage loan, separate suits were brought by the Security Trust Company, the holder of the improvement bonds, and the mortgagee, the Louisville Title Company, trustee, to enforce their respective liens. Separate judgments were rendered in their favor, and the property was ordered sold. At the sale the property brought $1,200.

The Title Insurance & Trust Company, which had been substituted for the Fidelity & Columbia Trust Company as trustee of the Louisville Title Company, moved the court that the participation of the Security

Trust Company, the holder of the street improvement liens, be limited to one-half the value of the property as fixed by the sale. Though the court permitted the Security Trust Company to introduce proof as to the value of the property immediately after the improvements were completed and at the time the assessment was made, the court fixed the value of the property for the purpose of distribution at the sale price of $1,200, and directed the commissioner to pay $600 to the Security Trust Company and a like sum to the Title Insurance & Trust Company, trustee. The Security Trust Company appeals.

Any assessment for a street improvement in cities of the fourth class in excess of one-half the value of the property, taking the improvement into consideration, is void as to such excess, section 3563, Kentucky Statutes, but this defense, as well as other defenses, is waived by the property owner who elects to pay on the installment plan and agrees in writing that he will make no objection to any illegality or irregularity with regard to the taxes against his property. Section 3575, Kentucky Statutes; Herbert C. Heller & Co. v. Hunt Forbes Construction Co., 223 Ky. 168, 3 S. W. (2d) 206. Though it is the rule that the lot owner's waiver of all defenses does not waive the defenses of a prior mortgagee, who, notwithstanding such waiver, may insist that the assessment in excess of one-half the vaule of the property was void, White Construction Co. v. Louisville Title Co., 258 Ky. 179, 79 S. W. (2d) 689; Stone v. City of Providence, 236 Ky. 775, 34 S. W. (2d) 244, the rule has not been, and will not be, extended to a subsequent mortgagee. The improvement bonds are not issued until after the lot owner has signed the waiver. By that act the rights of the bond owner become fixed, and it will not do to say that the lot owner may thereafter mortgage the property and confine the bond owner's lien to one-half the value of the property. Indeed, it is distinctly provided by the statute that the lien shall take effect upon the publication of the ordinance making the assessment and levying the tax and shall take precedence over all other liens, whether created prior or subsequent to the publication of such ordinance, except state and county taxes, general municipal taxes, and prior improvement taxes, and shall not be defeated or postponed by any private or judicial sale "or by any

mortgage." Section 3574, Kentucky Statutes. Hence a subsequent mortgagee is not only bound by the terms of the statute, but is charged with notice of all the street improvement proceedings which are a matter of public record, and acquires his rights subject to the prior rights of the bond owner. Security Trust Co. et al. v. Title Ins. & Trust Co., 259 Ky. 628, 82 S. W. (2d) 828, decided May 3, 1935. That being the situation here, no part of the proceeds of the sale of the property should have been paid to the Louisville Title Company, trustee, until the entire lien of the Security Trust Company, the owner of the improvement bonds, was satisfied.

This conclusion makes it unnecessary to consider the other questions discussed in briefs.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.