## City of Fulton et al. v. Carey-Reed Co.

(Decided Dec. 3, 1935.)

STEVE WILEY for appellants.

NUNN & WALLER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Under an ordinance adopted by the board of council of Fulton, a city of the fourth class, the Carey-Reed Construction Company, as the lowest bidder, was awarded a contract for the original construction of certain streets in the city. The work was completed and ac-

cepted by the city and an assessment made against the various property owners in 1929. W. F. Looney, Mrs. W. D. Morgan, and Emily Roberts, property owners, having defaulted in payment of assessments against their respective property, the contractor brought separate suits against them to enforce its lien. Under default judgments, the lots were sold, but none of them brought enough to satisfy the lien against them.

Thereafter, the Carey-Reed Construction Company instituted this action against the city, seeking to recover the difference between the aggregate amount of the assessment against the three property owners and the amount realized from the sale of the three lots and also the statutory penalties against the property owners, amounting in all to $760.10. It was alleged that the value of the several properties was the amount for which they were sold under judgment of the court and the assessment exceeded at the time more than one-half of their several values.

The city entered a general demurrer to the petition as amended, and without waiving same filed answer denying that the amounts for which the several properties sold exceeded by more than half their value, and alleged that as of the date of the assessments, the actual value of the property was such that the street assessment or the value thereof did not exceed one-half of the valuation of the property; that in addition to the actual value of the property there should be added in arriving at the valuation the amount of the street improvements. The city further pleaded that because of plaintiff's laches in instituting its action, the city had been prejudiced and plaintiff was thereby estopped from asserting its claim. The cause was submitted upon the pleadings, exhibits, and a stipulation as to the amount of the assessments against the various property owners, when same was due and when suit was instituted against them. The court overruled the demurrer to the petition as amended, but sustained a demurrer to the answer, and defendants declining to further plead, adjudged that plaintiff recover the sum prayed for with interest from July 31, 1932, and its costs. Defendants are appealing.

By stipulations found in the record, it is agreed that there is included in the judgment three items of statutory penalties aggregating $83.72; that in the argu-

ment of the case counsel for appellant questioned the rights of the contractor to recover the amount of these penalties and counsel for appellee conceded the point; that some months after when the chancellor directed judgment to be entered, counsel in preparing the judgment failed to eliminate the items of penalties; that the aggregate amount of penalties should be deducted from the sum adjudged, so that the judgment appealed from should be considered and treated as the sum of $676.38 with interest as therein indicated.

Concerning appellant's plea of laches or estoppel which is based on the claim that property values had steadily decreased after the date of the assessment and were much lower at the time the properties were sold than at the time the assessments were made and that appellant was thereby prejudiced, it may be said that for reasons presently indicated this plea in the circumstances cannot be sustained, since appellant will in no way be prejudiced by the delay.

It is further argued by counsel for appellant that for the purpose of this action the value of the properties should be determined as of the date of the assessment and not by the amount realized at the commissioner's sale made months thereafter.

Counsel for appellee in their original brief took the contrary view, however, since the action was tried and the original brief prepared, the opinion in the case of White Construction Company v. Louisville Title Co., 258 Ky. 179, 79 S. W. (2d) 689, has been handed down. In that case it was held that under section 3563, Ky. Stats., relating to assessments for street construction in cities of the fourth class, the value of the lots should be determined and fixed as of the date of the assessment and not as of the date of the sale of the property under a judgment to enforce the lien. In a supplemental brief, counsel for appellee refer to that case and say:

"That opinion gives a negative answer to a question which we thought would certainly be answered affirmatively. While the instant case differs from the Hopkins county case, supra, we are unwilling to say that they are so different as to call for different rules of law."

Counsel, however, contend that adherence to the

ruling in that case will increase public improvement cases and will cause more confusion than the rule contended for by appellee; and express a hope that the court will overrule or modify that opinion. We see no reason to recede from the holding in that case, since a consideration of the reasons assigned in the opinion for the rule adopted clearly demonstrates its soundness.

For the reasons indicated, the judgment is reversed for proceedings in conformity with this opinion.