## Turner et al. v. Griffith.

(Decided Dec. 1, 1936.)

GRANNIS BACH and A. H. PATTON for appellants.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

While William Griffith was the owner of certain property in Jackson, ordinances were passed providing for the improvement of the street on which it abutted. In the year 1929 Griffith sold and conveyed the property to Floyd Turner. The consideration was $1,500, $200 payable in cash, $100 payable in one year, $600 payable in two years, and $600 payable in three years, with a lien reserved on the land to secure the payment. The deed provided that Turner should pay the street improvements. Shortly after the conveyance William Griffith died, leaving a will by which he devised and bequeathed all of his property to his wife, Lean Griffith, who qualified as his executrix. After the improvement was made, the cost was assessed against the property in the name of Floyd Turner, who did not put his deed to record until July 10, 1934. On the day it was recorded Floyd Turner conveyed to Mrs. Griffith the lower half of the lot in satisfaction of her purchase-money lien, and bound himself to pay the street assessment out of his half. He had already paid off all the purchase money except the last note for $600.

The contractor, W. T. Congleton Company, brought suit against Floyd Turner to enforce the assessment lien on the property amounting to $415.51, with interest and penalties. The deed from William Griffith to Floyd

Turner not having been recorded, Mrs. Griffith was not made a party to the action either as devisee or as executrix of her husband. The contractor was adjudged a prior lien on the property, and the property was ordered sold. At the sale, George Griffith, a son of Lean Griffith, became the purchaser and executed bond for the purchase price. Thereafter execution was issued on the sale bond and levied on the property, and the property was again sold. At that sale Robert Turner became the purchaser at the price of $410. After the sale, Mrs. Griffith filed her intervening petition, conceding that the lien of the contractor was superior to her lien as to one-half of the value of the property, but insisting that her lien for the balance of the purchase money represented by the $600 note was superior to the lien of the contractor on the other half of the property. The court sustained her contention, set aside the former sales, and ordered a resale of the property. W. T. Congleton Company and Robert Turner have prayed an appeal.

In support of the judgment it is argued that, under the statute providing for the improvement of public ways, any assessment for a street improvement in excess of one-half the value of the property, taking the improvement into consideration, is void as to such excess, and, though that defense as well as other defenses may be waived by the property owner who elects to pay on the installment plan, and agrees in writing that he will make no objection to any illegality or irregularity with regard to taxes against the property, the waiver does not affect the rights of a mortgagee or lienholder who may have the value in excess of 50 per cent. applied to his debt. The rule may be conceded, Stone v. City of Providence, 236 Ky. 775, 34 S. W. (2d) 244; White Construction Co. v. Louisville Title Co., 258 Ky. 179, 79 S. W. (2d) 689; but it does not apply to a subsequent mortgage, Security Trust Co. v. Louisville Title Co., 259 Ky. 849, 83 S. W. (2d) 481, and for the same reason should not apply to the vendor's lien asserted by Mrs. Griffith. It is clear that at the time the property was conveyed by William Griffith to Floyd Turner some of the ordinances providing for the street improvement had been passed, and William Griffith took the precaution to provide in the deed that Floyd Turner should pay the street assessment. Hence the case is one not of a mortgagee or a lienholder whose rights were acquired

before any steps looking to the improvement of the street were taken, but one where the grantor knew that they had been taken. Indeed, it is distinctly provided by the statute that the lien shall take effect upon the publication of the ordinance making the assessment and levying the tax, and shall take precedence over all other liens, whether created prior or subsequent to the publication of such ordinance, except state and county taxes, general municipal taxes, and prior improvement taxes, and shall not be defeated or postponed by any private or judicial sale "or by any mortgage." Section 3574, Kentucky Statutes. In the circumstances, he could not in any way subordinate the lien of the contractor to his purchase money lien, but acquired his lien subject to the right of the grantee to waive the defense that the street improvement exceeded one-half the value of the property. The waiver being effective as to William Griffith, it was likewise effective as to Mrs. Griffith, who merely stepped into his shoes.

Of course, there is no merit in the contention that the assessment was invalid because the deed to Floyd Turner had not been put to record. No question of innocent purchaser for value is involved. The assessment being against the property and not against the owner, even a mistake in the name of the owner will not defeat the lien. Section 3574, Kentucky Statutes. Certainly a failure to record his deed will not defeat an assessment in the name of the true owner.

It follows from what has been said that the court erred in adjudging Mrs. Griffith a prior lien on one-half the property. However, she was entitled as a lienholder to be before the court when the property was sold, and, not having been made a party, we conclude that it was proper to set aside the prior sales and order a resale of the property.

On the return of the case the court will set aside so much of the judgment as awarded Mrs. Griffith a prior lien, and will order a resale of the property if she so desires. At the same time the court will take such steps as may be necessary and proper to protect the rights of Robert Turner, the former purchaser.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.