# Johnson v. Tri-Union Oil & Gas Co.
# Same v. Harris-Spencer Drilling Co.

May 26, 1939.

634

E. C. O'REAR, ALLEN PREWITT, E. C. HYDEN and R. C. BACK for appellant.

M. C. REDWINE, WILLIAMS & ALLEN and A. H. PATTON for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

Three appeals involving correlated questions were, pursuant to motion made in this court, heard together and are covered by this opinion.

Sometime prior to the year 1929, H. H. Spencer and

C. E. Harris were engaged as a partnership under the name of Harris-Spencer Drilling and Producing Company, conducting drilling operations on leases in Lee County. The partnership, being in severe financial straits about the first of the year 1929, induced appellant A. S. Johnson to become a member of the partnership, and a new firm was formed styled Harris-Spencer Drilling Company. A written contract was entered into by which Johnson was to furnish $1500 to the partnership, this being the purchase price of his interest therein, and it was provided in this contract that should he furnish more than $1500, he was to have a lien on the interests of Harris and Spencer in the leases to secure him in such advancements.

The new partnership functioned until June 4, 1929, at which time the enterprise was incorporated under the name of Tri-Union Oil and Gas Company and the partnership conveyed to the corporation all of the partnership assets. The three partners subscribed to all the stock of the corporation, $5,000 in stock being issued to each of them; Johnson was elected president, Harris vice-president, and Spencer secretary-treasurer. Practically nothing in the way of corporate records was kept and, from the time of incorporation up to the institution of this litigation, the stockholders continued to operate it in the same manner as the partnership had been operated.

It appears that by mutual agreement of the directors, Spencer was designated as lease manager and placed in charge of operations. He continued in this position until the institution of this litigation. Harris also was employed verbally as a pumper and helper on the lease and worked as such for one year immediately after the formation of the corporation.

The First National Bank of Jackson was designated as trustee and depository for all funds of the company derived from the sale of oil, and all corporate money was deposited in that bank. A. S. Johnson, president, was authorized to sign checks on behalf of the company. No corporate books or records were kept, although Johnson appears to have kept a personal record of his own as to advances made to the company and to Harris and Spencer for the company by him. The company drilled some 12 or 14 wells and by the year 1936 had received approximately $34,000 from the sale of oil.

There is no corporate record authorizing the payment of any dividends.

In June, 1936, action was instituted by the company against A. S. Johnson, president, to recover money which it was alleged was wrongfully appropriated by Johnson to his own use and benefit. In this action Johnson was permitted to prosecute by cross-petition, on behalf of the corporation, claims of the corporation against Spencer and Harris for corporate funds paid to them. Johnson attempted in this action to prosecute individual claims against Harris and Spencer and against the partnership, Harris-Spencer Drilling Company. The trial court, however, refused to permit him to prosecute these individual claims and he thereupon instituted the suits of A. S. Johnson v. Harris-Spencer Drilling Company and A. S. Johnson v. H. H. Spencer and the Tri-Union Oil and Gas Company, these three cases being the ones involved in these appeals.

An audit was made of the company's affairs by W. E. Davis, who examined the bank account of the corporation and listed all deposits made and all checks issued. His work appears to have been most excellently and fairly performed and, although there is a vast amount of evidence with reference to the financial transactions of the corporation and the individual stockholders, there is little or no attack made on the correctness of any of the items contained in Mr. Davis' audit, the real controversy in the case being as to the correct method of handling these items and the application of legal principles to the facts.

The trial court referred each of the three cases to Moss Noble as special commissioner, to ascertain and report on the various financial transactions between the corporation and the three directors and the transactions between the same three as members of the partnership, and this commissioner also performed his duties in a most creditable manner, filing in each case clear and comprehensive reports which were based largely on the audit made by Mr. Davis taken in connection with testimony by Johnson, Spencer and Harris.

These commissioners' reports show that Johnson withdrew from the corporation $8,658.98, and he was charged with this sum in the case of Tri-Union Oil and Gas Company against him but was allowed credit against these withdrawals for $4,467.08.

The credit of $4,467.08 allowed Johnson against the withdrawals originated in the following manner. During the early days of the corporate existence, the corporation had little or no money and Johnson used his own credit to raise all the money the company needed, and also advanced considerable sums to both Spencer and Harris. At the time the corporation was formed, Spencer was assured by Johnson that he, Johnson, would put up the necessary money to take care of the living expenses of Spencer and his family while Spencer was engaged as lease manager, and this he did. Johnson also put up the necessary money to pay Harris' expenses while he was working as pumper and helper. There is little or no controversy about these items and no question is raised as to the correctness of the court's action in giving Johnson credit by these sums advanced to Harris and Spencer.

Johnson's principal contention is that he should have been allowed as an offset against sums drawn by him a reasonable compensation to himself for extraordinary services performed in behalf of the corporation. Such reasonable compensation is fixed by him at $150 per month. The commissioner's report disallowed such claim and the trial court confirmed the commissioner's action in this regard.

There is little difference among the authorities as to the legal principles applicable to a claim by an officer or director of a corporation for compensation in the absence of an express contract to that effect. The rule supported by most of the modern and best considered cases is that a director or officer of a corporation may recover the reasonable value of services rendered entirely outside the scope of his duties as such director or officer upon a contract to pay for such services when they are rendered under such circumstances as to indicate that the parties intended or understood they were to be paid for or ought to have so intended and understood. Fletcher Cyclopedia Corporations, Volume 5, Section 2114; 13 Am. Jur. 976; Huffaker, etc. v. Krieger's Assignee, 107 Ky. 200, 53 S. W. 288, 21 Ky. Law Rep. 887, 46 L. R. A. 384; Paine v. Kentucky Refining Company, 159 Ky. 270, 167 S. W. 375, Ann. Cas. 1915D, 389. In determining, then, whether or not Johnson was entitled to compensation for services rendered by him, we must look to the evidence to see whether or not the services rendered by him were extraordinary or outside

the scope of his official duties. By article 3 of the articles of incorporation, the duties of the president were to "sign all checks, all certificates of stock and conveyances of real estate and any other instrument of writing requiring a signature and perform such other duties as may be required of him from time to time by the directors."

The evidence discloses that in the early days of the corporate existence, the burden of financing the company devolved on Johnson solely and alone and it is apparent that at times his difficulties along this line were considerable. As reported by the commissioner, "He took hold of a sick business and gave it new life and energy." It is apparent that, particularly in these early days, Johnson devoted a large amount of ingenuity, time and attention to the vital task of financing the corporation. At times he endorsed the company's notes. He made a number of trips on behalf of the company, and, to some extent, attended to purchases for the company and to making sales of oil. At times he rendered legal services to the company and attended to the payment of taxes and making of tax reports. Without setting out in great detail the numerous items of services rendered by Johnson to the company, we have come to the conclusion that much extraordinary service was rendered by him and that, under the circumstances shown in this case, Harris and Spencer intended for him to be paid therefor or ought so to have intended. He is entitled to some compensation for extraordinary services rendered by him. The claim made by him for $150 per month is, of course, all out of reason. We have determined that $700 should be allowed for this extraordinary service, being at the rate of $100 per annum for seven years.

In the case of Tri-Union Oil and Gas Company v. A. S. Johnson, judgment was entered against Harris in behalf of the corporation, on the cross-petition prosecuted by Johnson, for $519.40. After the appeal was lodged by Johnson, Harris made motion in this court for a cross-appeal against his co-appellee, Tri-Union Oil and Gas Company, and his motion was sustained and a cross-appeal granted. We find we were in error, however, in granting this cross-appeal, as an appellee cannot prosecute a cross-appeal against a co-appellee. A cross-appeal can only be taken against an appellant. Security Trust Company et al. v. Title Insurance & Trust Com-

pany, 259 Ky. 628, 82 S. W. (2d) 828; State Bank of Stearns v. Stephens, et al., 265 Ky. 615, 97 S. W. (2d) 553. The cross-appeal of Harris must, therefore, be denied.

As to the contention made by appellant, Johnson, that Spencer should have been charged with board furnished by the corporation during the time he acted as lease manager, we find little merit. While the commissioner's report does not specifically say so, it was evidently the intention of the commissioner to find that $75 per month and board was a reasonable compensation for Spencer. Not only was Spencer working for the corporation, but his wife was operating a camp and boarding employees working on the lease. In any event, no appeal is prosecuted by the Tri-Union Oil and Gas Company against Spencer as to this or any other item.

In the suit of Johnson v. Harris-Spencer Drilling Company, the copartnership, Johnson claims that he advanced to the copartnership $406 in addition to the $1500 he contracted to furnish, and that, by reason of his contract with Harris and Spencer, he is entitled to recover against them this additional advancement. He also claims $800 against the copartnership for services rendered by him for the four months it was in existence.

We find no merit in his claim for salary against this copartnership. The proof does not show an express agreement that Johnson was to receive any salary from the copartnership, nor do the facts and circumstances create the implication that such an understanding existed to this effect between him and Harris and Spencer. In the absence of such express contract or facts creating such implication, a partner cannot recover salary or compensation, even though he had control of the business and performed the major portion of the work. Robertson v. Mechanics' T. & S. Bank, 184 Ky. 287, 211 S. W. 858. All the partners appear to have rendered about an equal amount of service during the existence of the copartnership and no allowance has been made to any one of them in the present litigation for services.

As to Johnson's claim for the balance of $406 owing by the partnership to him at the time of incorporation of the Tri-Union Oil and Gas Company, we are of the opinion that, under the circumstances of this case, the incorporation and transfer of all partnership assets to the corporation and issuance of capital stock to each

of the three partners in equal shares of $5,000 operated as a dissolution and settlement of the partnership affairs. Harris and Spencer are each charged with one-half of a note amounting to $328.50, paid out of corporate funds to the bank on a note of the partnership. As this note was a partnership debt, Harris and Spencer should not have been charged therewith unless the incorporation and issuance of stock was a settlement of the partnership affairs. We do not mean to say that in all cases the formation of a corporation and conveyance of partnership property to it and issuing capital stock operates as a settlement of partnership affairs, but under the circumstances shown here, where no claim was made either by Johnson, Spencer or Harris for a period of more than seven years, we think it unquestionably sound to say that, by the incorporation and issuance of stock in equal shares, the parties should be deemed to have effected a complete settlement of the partnership. Any claims held by any one of them should have been taken care of and adjusted by the capital stock issue and not permitted to have lain dormant for this great length of time. We think the lower court was therefore correct in denying judgment to Johnson against the partnership.

In the case of Johnson v. Spencer and the Tri-Union Oil and Gas Company, Johnson claimed $757.80 advanced to Spencer for and on behalf of the corporation. Of this amount, $71 was allowed Johnson as a credit in the case of Tri-Union Oil and Gas Company against him. There is no denial in the record that these sums were furnished by Johnson to Spencer. They are items similar to the ones shown in the evidence in the case of Tri-Union Oil and Gas Company v. Johnson, and for which he was allowed credit. We are at a loss to understand why these items were not put in evidence in that case. The Commissioner disallowed these items merely because it appeared that Johnson voluntarily promised to advance to Spencer his living expenses and the expenses of his family while Spencer was working on the lease, and that it would be inequitable to charge Spencer therewith. We agree with this conclusion, but as this action was against both Spencer and the corporation, we are at a loss to understand why judgment was not rendered in favor of Johnson against the corporation. It is not denied that Johnson made the advancements and that they were made to Spencer for and

on behalf of the company. After Johnson's claim was denied, he filed in the action of the corporation against him an amended answer and counterclaim, setting out that he should be allowed credit for the $686.87 on the claim of the corporation against him. Unquestionably, Johnson should be allowed credit for this amount and the easiest way to handle it is to direct that he be given credit for same in the action of Tri-Union Oil and Gas Company against him. This will leave the judgment in that case subject to the additional credits of $700 for services and $686.87 additional amounts advanced on behalf of the corporation.

The judgment in the case of Tri-Union Oil and Gas Company v. Johnson awarded a lien to the corporation against the $5,000 capital stock therein owned by him and directed a sale of this stock to satisfy the judgment. He contends that the court was in error in adjudging his stock subject to this lien. However, we regard that question as immaterial and moot in view of happenings since the rendition of the judgment.

A supplemental record has been filed showing that the stock was sold on March 14, 1938, by the commissioner and that Spencer became the purchaser thereof at $4,928.09; that he assigned his purchase to Johnson, who executed purchase money bond with Charles Terry as surety; that Johnson thereafter filed exceptions to the report of sale, which were overruled and the report of sale confirmed on March 30, 1938; that on November 15, 1938, Johnson executed a supersedeas bond superseding the original judgment rendered against him at the October, 1937, term, with Charles Terry as surety

If we held the sale valid by reason of Johnson's failure to supersede the judgment before the sale was made, the effect of this would be that Johnson and Terry, his surety on the purchase money bond, would be liable on that bond for the judgment. If we held the sale void, Johnson and Terry, the same surety, would be liable for the judgment on the supersedeas bond executed on September 19, 1938. In these circumstances, it is immaterial that the trial court may have erroneously adjudged a lien on Johnson's stock.

For the reasons given herein, on the appeal of A. S. Johnson v. Tri-Union Oil and Gas Company, the judgment is reversed with directions to enter a judgment similar to the original judgment but giving Johnson

642

credit for $700 for services rendered the corporation for seven years at the rate of $100 per year and a further credit of $686.87. These sums should be allocated properly between the various years so that he may receive proper credits for interest from their due dates, which will be considered as the first day of January following the rendition of services or advancements of money. The judgment should be so framed as not to allow compound interest as did the original judgment. The order of this court granting the cross-appeal to Harris is set aside and the motion for the cross-appeal is overruled.

The judgments are affirmed in the cases of A. S. Johnson v. H. H. Spencer and Tri-Union Oil and Gas Company and A. S. Johnson v. Harris-Spencer Drilling Company, but the costs in the case of A. S. Johnson v. H. H. Spencer and Tri-Union Oil and Gas Company are to be paid by appellee, as well as the costs in A. S. Johnson v. Tri-Union Oil and Gas Company. In the case of A. S. Johnson v. Harris-Spencer Drilling Company, the costs will be paid by appellant.