## Harris v. Tri-Union Oil & Gas Co. et al.

May 24, 1940.

J. B. Howard, Judge.

242

M. C. Redwine for appellant.

Roscoe Back and Edw. C. O'Rear for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

In the case of Johnson v. Tri-Union Oil & Gas Company, 278 Ky. 633, 129 S. W. (2d) 111, the appellant in the instant case, Harris, attempted to prosecute a cross-appeal against his co-appellee, the Tri-Union Oil & Gas Company, which will be hereinafter referred to as the corporation. There, the court denied his motion for a cross-appeal, since an appellee may only prosecute a cross-appeal 'against an appellant and not against a co-appellee. His cross-appeal having been refused, Harris sued out his appeal in this court within two years after judgment in the sum of $519.40 was rendered against him in favor of the corporation. Civil Code of Practice, Sections 734, 745. The facts in the instant case are given in Johnson v. Tri-Union Oil & Gas Co., 278 Ky. 633, 129 S. W. (2d) 111, and we will only repeat so much of them here as may be necessary for the proper consideration of this appeal.

No complaint is made of the amount of the judgment and appellant relies upon three alleged errors of procedure for reversal; 1. The chancellor erred in re-referring the cause to the special commissioner over appellant's objection; 2. there was no reason for Johnson

to sue appellant on behalf of the corporation; 3. Johnson had no right to maintain such an action against appellant in behalf of the corporation, without its consent, therefore the judgment against appellant is void. The second and third errors assigned are but one in reality, and we will consider them together and first direct our attention thereto.

The general rule is that a stockholder cannot institute an action in the name of the corporation until after he has made demand upon the corporation and it has refused to sue. But where it appears that such demand would be futile and unavailing, or if granted, the litigation would be of necessity in unfriendly hands, such a demand is not a condition precedent to a stockholder's right to sue on behalf of the corporation. See 18 C. J. S., Corporations, 1283, Section 564c; 14 C. J. 924, Section 1444-c, and page 931, Section 1449-b; Lebus v. Stansifer, 154 Ky. 444, 157 S. W. 727; Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606. And it is within the power of the court to determine whether or not it would have been useless to have made demand upon the corporation to bring the suit. 14 C. J. 934, Section 1451.

Let us apply the law to the facts in the instant case. Johnson was president of the corporation, Harris was vice-president, and Spencer was secretary-treasurer, each owning one-third of the capital stock. Harris and Spencer, as owners of two-thirds of the capital stock, had the corporation institute this action against Johnson to recover $8,897 it is alleged he wrongfully appropriated from the corporation. Johnson filed an amended answer and cross-petition in which he pleaded he was entitled to a salary of $1,800 per annum and that the cross-defendants, Harris and Spencer, were indebted to the corporation respectively in the sums of $1,590.30 and $3,640.95. Manifestly, it would have availed Johnson nothing had he attempted to obtain the consent of Harris and Spencer for the corporation to institute suit against themselves, or against Harris, to recover such sums or sum. It appears to us, as it must have appeared to the chancellor, that it would have been the merest folly for Johnson to have made such demand upon Harris and Spencer. Under the circumstances presented in this record, we think the chancellor did not err when he allowed Johnson on behalf of the corpora-

244

tion to make his answer a cross-petition against Harris in this action, thereby seeking to recover from Harris the amount he owed the corporation.

We cannot agree with appellant there is anything grievous or unusual in the chancellor re-referring this cause to the special commissioner. Johnson's amended answer and cross-petition brought new issues into the case. As the special commissioner had previously filed his report, it is apparent that it was necessary that the cause be re-referred to him in order that he might go over the vast amount of figures and hear additional proof in determining the issues raised by this amended answer and cross-petition. What was said in Honore v. Colmesnil, 1 J. J. Marsh. 506, 24 Ky. 506, particularly applies to this case:

"It is perfectly clear, that much new matter was brought before the court by the several amendatory bills, and the answers thereto, after the commissioners had made their report; * * * and that the court ought to have referred the accounts to the same or other commissioners * * *; or if not, that the court itself should have sifted these claims."

Judgment affirmed.