**H. G. HIGHTOWER, Appellant,**

v.

**TRINITY CHURCH OF COVINGTON,**
**Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 29, 1958.

Ralph P. Rich, McGarry & Rich, Covington, for appellant.

William O. Ware, Orie S. Ware, Covington, for appellee.

CAMMACK, Judge.

The appellant, H. G. Hightower, instituted this action against the appellee, Trinity Church of Covington, Kentucky, to recover a claim of $5,022.36, the alleged value of legal services rendered by him at the request of the church, including expenses incurred. This appeal is from a judgment which dismissed the claim for services rendered and ordered recovery of $22.36 for expenses.

The appellant concedes that the trial court's findings of fact are supported by the evidence, but contends that the judgment is contrary to law and should be reversed. The facts on which the judgment was based may be summarized as follows: In 1952 the Board of Vestrymen of Trinity Church were notified that the church was to receive a share of an estate left by Mrs. Virginia Lovell Hodge, whose will had been probated at Alfred-Biddleford, York County, Maine. The estate exceeded one million dollars. The church's legal representative, Mr. William Ware, was absent at that time and Mr. Hightower, a member of the Board of Vestrymen, agreed to handle the matter. Mr. Hightower told the Board there would be no fee for his services except the actual expenses incurred in representing the church's interest. Expenses of $22.36 were brought about through phone calls and correspondence which, according to Mr. Hightower, were instrumental in inducing Mrs. Perry, the life interest beneficiary of the estate, to waive her claim to all but $100,000 of the principal. The waiver resulted in substantial savings in federal taxes.

The appellee sought to avoid payment of the $5,000 fee claimed by the appellant on the ground that he agreed to do the work for nothing. The appellant argues that this defense is unsound unless we hold, as a matter of law, that an agreement existed whereby he would have received no consideration and would, nevertheless, have been liable for breach of contract had he failed to perform the services. It is argued that the judgment is contrary to law because (1) a promise without consideration is nudum pactum and of no effect, (2) an attorney is entitled to a reasonable fee for his services in the absence of an express agreement, and (3) membership on the Board of Vestrymen did not require action in the appellant's professional capacity.

We recognize the validity of the three argumentative points, but we do not accept the validity of the appellant's basic premise. Generally, no duty is imposed upon one who makes a promise unsupported by sufficient consideration. See American Law Institute Restatement of the Law of Contracts, Vol. 1, section 75, Comment (a). In the absence of an express agreement an attorney is entitled to a reasonable fee for his services. First National Bank v. Stephens & Steely, 157 Ky. 663, 163 S.W. 1097. See also 5 Am.Jur., Attorneys at Law, section 153. And the fact that the appellant was a member of the Board of Vestrymen would not preclude his recovery of compensation for extraordinary services rendered by him. Johnson v. Tri-Union Oil & Gas Co., 278 Ky. 633, 129 S.W.2d 111. But the judgment is not contrary to law because, despite the appellant's argument, we think the appellee's defense can be, and is, considered sound without our finding the existence of an agreement whereby one would be liable for breach of contract upon failure to perform gratuitous services.

The facts of the case show that there was an express agreement whereby the appellant agreed to render services and gain nothing in return. Since the agreement lacked consideration, the appellee ordinarily would have had no remedy had the appellant refused to perform the services. But the performance of services does not create an obligation on the part of

the one benefited thereby when there has been a waiver of the right to payment therefor. One may accept a gift without becoming obligated legally to the giver. Acceptance of, or acquiescence in, the services rendered by an attorney does not raise an implied promise to pay when the circumstances show such services to have been rendered gratuitously. 5 Am.Jur., Attorneys at Law, section 154.

Judgment affirmed.